## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCE RANALLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   2:21-cv-88 |
| | ) | |
| AMAZON.COM LLC, ZAZZLE INC., | ) | Electronically Filed |
| ARENA MERCHANDIZING BY AND | ) | |
| THROUGH AMAZON.COM, LLC, | ) | |
| ETSY.COM, LLC, BRAVE NEW LOOK, | ) | |
| and OUTDOOR RESEARCH | ) | |
| | | |
| Defendants. | | |

### DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL

Defendant Amazon.com Services LLC ("Amazon")[1], by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support thereof, Amazon states as follows:

### INTRODUCTION

1.      Plaintiff Vince Ranalli filed this putative class action in the Court of Common Pleas of Allegheny County, Pennsylvania on or about November 12, 2020. The complaint (the "Complaint"), its accompanying exhibits, and a docket sheet from the Court of Common Pleas action are attached to this notice as part of Exhibit A. *See* Exhibit A.

---

[1] The entity Plaintiff sued, "Amazon.com LLC," does not presently exist. Presumably, Plaintiff named "Amazon.com LLC" as an inadvertent error. This Notice is submitted on behalf of Amazon.com Services LLC because that is the retail entity that sold Plaintiff the product at issue and the entity that currently remits sales tax collected for the Commonwealth of Pennsylvania to the Commonwealth.

2.       Amazon was purportedly served with the Complaint on December 22, 2020. This Notice of Removal is filed within 30 days of service; it is both timely and properly filed by Amazon. *See* 28 U.S.C. §§ 1446, 1453.

3.       Plaintiff alleges that he resides in this Commonwealth and, upon information and belief, is a citizen of this Commonwealth.

4.       Amazon is a Delaware limited liability company with its principal executive offices located in Seattle, Washington. Amazon is thus a citizen of Delaware and Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

5.       Removal of this action is appropriate under 28 U.S.C. § 1332(d) because the parties are completely diverse; the putative class size exceeds 100; and the amount in controversy exceeds $5,000,000.

## THE ALLEGATIONS IN THE COMPLAINT

6.       Plaintiff's Complaint alleges Defendants Amazon, Zazzle Inc., Arena Merchandizing by and through Amazon.com, LLC, Etsy.com, LLC, Brave New Look, and Outdoor Research (collectively, "Defendants") violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), , the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), were unjustly enriched, and committed conversion by charging sales tax on face masks. Compl. ¶ 19.

7.       Ranalli purports to state a claim against Amazon. He alleges that he purchased a face mask from Amazon on an unspecified date "during Governor Wolf's declared state of emergency." *Id.* ¶ 18, 40.

8.       Ranalli alleges that Amazon violated Sections 201-1 of UTPCPL and Section 2270 of the PFCEUA and engaged in "misappropriation/conversion" and was unjustly enriched, in connection with these transactions. *Id.* ¶¶ 119-121, 78 (page 22), and 86-87 (page 23).

9.      Ranalli seeks to represent a class of "all individuals who purchased a protective face mask or face covering from Amazon over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount purporting to represent sales tax on that purchase" (the "Amazon Putative Class"). *Id.* ¶ 21(a).

10.     Ranalli alleges that he lost money or property as result of Amazon's violations and therefore, pursuant to the UTPCPL, he and the Amazon Putative Class are entitled to a minimum of one hundred dollars ($100) per violation under 73 P.S. 201-9.2, as well as reasonable costs and attorney fees and such additional relief the Court deems necessary and proper. *Id.* ¶ 44. Ranalli also seeks compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit, which he alleges may be trebled. *Id.* ¶ 45.

## JURISDICTIONAL STATEMENT

11.     The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts diversity jurisdiction over putative class actions that were commenced on or after its effective date of February 18, 2005, and that have minimal diversity, 100 or more class members, and an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332 note; 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). This action satisfies each of these requirements.

**A.      Commencement**

12.     As set forth above, this action was commenced on or about November 12, 2020, after CAFA's effective date. *See* Compl. Accordingly, CAFA applies to this action. *See* 28 U.S.C. § 1332 note.

**B.      Minimal Diversity of Citizenship**

13.     CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14.    Amazon is a citizen of Delaware and Washington for purposes of 28 U.S.C. § 1332(c)(1).

15.    The Complaint alleges that plaintiff is a natural person who resides in Pennsylvania. Compl. ¶ 1. In addition, the alleged Amazon Putative Class consists of individuals who purchased face masks in, or for delivery into, Pennsylvania. *Id.* ¶ 133(i). Amazon alleges, upon information and belief, that Plaintiff, and numerous members of the alleged Amazon Putative Class, are domiciled in Pennsylvania. Therefore, they are citizens of Pennsylvania. *See Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 752 (W.D. Pa. 2015) ("Citizenship of natural persons is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation.") (internal quotation marks and citations omitted).

16.    Because Ranalli and members of the alleged Amazon Putative Class are citizens of a state different from Amazon, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A); *Papurello*, 144 F. Supp. 3d at 755 ("CAFA requires minimal diversity—i.e., a showing that any class member and any defendant are citizens of different states." (internal quotation marks and citations omitted).

**C.    Numerosity**

17.    CAFA requires that "the number of members of *all proposed plaintiff classes in the aggregate*" be at least 100. 28 U.S.C. § 1332(d)(5)(B) (emphasis added). This requirement is satisfied by the alleged Amazon Putative Class alone.

18.    The Complaint alleges that "the members of class [sic] is so numerous that joinder of all class members is impracticable." Compl. ¶ 24.

19.    The Complaint further alleges that "there are almost 13,000,000 citizens residing within the Commonwealth of Pennsylvania as of July 1, 2019," and each citizens is subject to Governor Wolf's face-mask order, "there are likely *hundreds, thousands, or more* members of each aforementioned class." *Id.* (emphasis added).

20.     Furthermore, based on Amazon's business records, Amazon can confirm that the alleged Amazon Putative Class exceeds 100 individuals.

21.     Accordingly, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**D.     Amount in Controversy**

22.     CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(2). It further provides that "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

23.     Although Amazon denies that it has any liability to Ranalli, the alleged Amazon Putative Class, or putative class in this action,[2] and denies that any class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate amount of relief sought by the alleged Amazon Putative Class exceeds $5,000,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A))).

24.     Ranalli and the alleged Amazon Putative Class seek a minimum of statutory damages of $100 for each alleged violation of the UTPCPL. Compl. ¶ 44.

---

[2]     By removing this action to this Court, Amazon does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the alleged Amazon Putative Class or any other class alleged in this action. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Margulis v. Resort Rental, LLC*, No. 08-1719, 2008 U.S. Dist. LEXIS 115287, at *13 (D.N.J. June 30, 2008) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

25.     Amazon's business records indicate that more than 50,000 sales of face masks or face coverings are encompassed by the claims of the alleged Amazon Putative Class. Accordingly, the alleged statutory damages sought by the alleged Amazon Putative Class alone, in the aggregate, exceed $5,000,000 (50,001 sales x $100 per sale = $5,000,100).

26.     In addition, Ranalli, on behalf of himself and the alleged Amazon Putative Class, seeks unspecified damages in relation to his PFCEUA and state common law claims, and seeks "reasonable costs and attorney fees and such additional relief the Court deems necessary and proper." *Id.* ¶ 186. Attorneys' fees are included in determining the amount in controversy for purposes of CAFA jurisdiction. *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019).

27.     "A median recovery range for attorney's fees is approximately 30 percent." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015). Thus, the inclusion of attorneys' fees would elevate the amount in controversy even further above the threshold CAFA jurisdictional requirement.

28.     Because this is a putative class action that was commenced after February 18, 2005, in which there is minimal diversity, at least 100 putative class members, and more than $5,000,000 in the aggregate in controversy, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and the action is removable under 28 U.S.C. § 1441(a).

## PROCEDURAL STATEMENT

29.     Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on Amazon as of the date of the Notice of Removal are attached collectively as Exhibit A.

30.     Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 84 ("A statement 'short and plain' need not

contain evidentiary submissions."); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 n.2 (3d Cir. 2014) ("[A] defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court." (internal quotation marks and citations omitted)).

31.     Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, the original Notice of Removal was timely filed within 30 days of service because Plaintiff purported to serve the Complaint on Amazon on December 22, 2020. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

32.     Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Western District of Pennsylvania is proper because it embraces the Court of Common Pleas of Allegheny County, Pennsylvania, where this action was pending before it was removed. *See* 28 U.S.C. § 118(c).

33.     Pursuant to 28 U.S.C. § 1446(d), Amazon will promptly file a copy of this Notice of Removal in the Court of Common Pleas of Allegheny County, Pennsylvania, and will give Plaintiff written notice of its filing.

34.     Pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the consent of all Defendants in order to remove a putative class action.

35.     By removing the action to this Court, Amazon does not waive any defenses that are available to it under state or federal law. Amazon expressly reserves all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Amazon respectfully removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.


Date:  January 20, 2021                    REED SMITH LLP


                                           By:  /s/ James L. Rockney
                                               James L. Rockney
                                               Pa. I.D. No. 200026
                                               Email:  jrockney@reedsmith.com
                                               Ginevra F. Ventre
                                               Pa. I.D. No. 316897
                                               Email:  gventre@reedsmith.com
                                               225 Fifth Avenue, Suite 1200
                                               Pittsburgh, PA 15222
                                               T: 412-288-4046

                                               Brian Phelps
                                               Pa. I.D. No. 326172
                                               REED SMITH LLP
                                               10 South Wacker Drive
                                               Chicago, IL  60607
                                               T:  312-207-2457

                                               *Counsel for Defendant Amazon.com Services LLC*

## <u>CERTIFICATE OF SERVICE</u>

I        hereby certify that on January 20 2021, I caused to be served the foregoing *Notice of Removal* this 20th day of January, 2021, by mailing same via First Class U.S. Mail, postage prepaid, upon the following counsel of record:

> Joshua P. Ward, Esq.
> Kyle H. Steenland, Esq.
> J.P. Ward & Associates, LLC
> The Rubicon Building, Suite 201
> Pittsburgh, PA 15206
> *Counsel for Plaintiff*
>
> Danielle M. Vugrinovich, Esq.
> Gregory P. Graham, Esq.
> Marshall Dennehey Warner Coleman & Goggin
> Union Trust Building, Suite 700
> 501 Grant Street
> Pittsburgh, PA  15219
> Email:  dmvugrinovich@mdwcg.com
>         gpgrham@mdwcg.com
> *Counsel for Outdoor Research*
>
> Zazzle, Inc.
> 1800 Seaport Blvd.
> Redwood City, CA  94063
>
> Etsy.com, LLC
> 117 Adams Street
> Brooklyn, NY  11201
>
> Brave New Look
> 237 Kearney Street, Suite 9091
> San Francisco, CA  94108
>
> Arena Merchandising
> 21430 North Second Avenue, Suite 2
> Phoenix, AZ  85207

**REED SMITH LLP**


By: /s/ *James L. Rockney*

James L. Rockney

Pa I.D. No. 200026
Email:  jrockney@reedsmith.com
Ginevra F. Ventre
Pa. I.D. No. 316897
Email:  gventre@reedsmith.com
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
T: 412-288-4046

Brian Phelps
Pa. I.D. No. 326172
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60607
T:  312-207-2457

*Counsel for Defendant Amazon.com Services LLC*