# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| VINCE RANALLI,<br>on behalf of himself and all others similarly<br>situated, | **: CIVIL DIVISION**<br>:<br>**: ELECTRONICALLY FILED**<br>: |
| Plaintiff, | **: Case No.:**<br>: |
| v. | **: CLASS ACTION COMPLAINT**<br>: |
| AMAZON.COM, LLC; ZAZZLE INC.;<br>ARENA MERCHANDISING BY AND<br>THROUGH AMAZON.COM, LLC,<br>ETSY.COM, LLC, BRAVE NEW LOOK,<br>and OUTDOOR RESEARCH, | :<br>:<br>: |
| Defendants. | |

Filed on Behalf of Plaintiff:
Vince Ranalli

Counsel of Record for This Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:     (412) 545-3015
Fax No.:         (412) 540-3399
E-mail:           jward@fentersward.com

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| VINCE RANALLI,<br>on behalf of himself and all<br>others similarly situated, | **:**    **CIVIL DIVISION**<br>**:**<br>**:**    **ELECTRONICALLY FILED**<br>**:** |
| Plaintiff, | **:**    **Case No.:**<br>**:** |
| v. | **:**    **CLASS ACTION COMPLAINT**<br>**:** |
| AMAZON.COM, LLC; ZAZZLE INC;<br>ARENA MERCHANDISING BY AND<br>THROUGH AMAZON.COM, LLC,<br>ETSY.COM, LLC, BRAVE NEW LOOK,<br>and OUTDOOR RESEARCH, | **:**<br>**:**<br>**:** |
| Defendants. | |

## CLASS ACTION COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Vince Ranalli by and through the undersigned counsel, J.P. Ward & Associates, LLC, and, specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint in Civil Action against Defendant, Amazon.com, LLC, Defendant, Zazzle Inc., Defendant, Arena Merchandising by and through Amazon.com, LLC, Defendant, Etsy.com, LLC, Defendant, Brave New Look, and Defendant, Outdoor Research, of which the following is a statement:

## PARTIES

1.     Plaintiff, Vince Ranalli (hereinafter, "Mr. Ranalli"), is an adult individual who currently resides at 21 Shangri La Circle, Pittsburgh, Pennsylvania 15239.

2.     Defendant, Amazon.com, LLC, ("Amazon") is a limited liability corporation with a headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109.

3.     Defendant, Zazzle, Inc., is an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 1800 Seaport Boulevard, Redwood City, California, 94063.

4.     Defendant, Arena Merchandising by and through Amazon.com, LLC, Arena Merchandising is an entity engaged in commerce within the state of Pennsylvania with the principal place of business located at 21430 North Second Avenue, Suite 2, Phoenix, Arizona 85027.

5.     Defendant, Etsy.com, LLC, is an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 117 Adams Street, Brooklyn, New York, 11201.

6.     Defendant, Brave New Look, an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 237 Kearney Street, #9091, San Francisco, California 94108.

7.     Defendant, Outdoor Research, an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 2203 1st Avenue South, Seattle, Washington, 98134.

8.     Defendants are licensed retail companies that operate within the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

9.     Jurisdiction is proper as Plaintiff bring this lawsuit under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S.A. § 201-1, *et seq*, and the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 P.S. § 2270.1, *et seq*.

10.     Venue is proper pursuant to Pennsylvania Rule of Civil Procedure 2179(a)(2),(3) because Defendants regularly conduct business within Allegheny County and the cause of action arose in Allegheny County.

## ALLEGATIONS OF FACT

11.     Retailers operating in Pennsylvania cannot collect sales tax on protective face masks or coverings because they are nontaxable as "medical supplies."[1] 72 P.S. § 7204(18).

12.     Retailers operating in Pennsylvania cannot collect sales tax on protective face masks or coverings because they are nontaxable as "clothing and accessories." [2] 72 P.S. § 7204(4).

13.     In order to charge or collect sales tax, retailers must first obtain a license from the Pennsylvania Department of Revenue. 61 Pa. Code § 34.1.

14.     The Pennsylvania Department of Revenue provides detailed information regarding state and local sales taxes and fees.[3]

---

[1] On or about March 6, 2020, Governor Tom Wolf declared a disaster emergency due to COVID-19. Thereafter, Governor Wolf renewed the disaster emergency on June 3, 2020 and again on August 31, 2020 for a 90-day period. The Pennsylvania Department of Revenue stated that "[p]rotective face masks that are sold at retail are exempt from Pennsylvania sales tax during the emergency disaster declaration issued on March 6, 2020 by Governor Wolf."

[2] On or about October 30, 2020 the Pennsylvania Department of Revenue stated that, "[p]rior to the COVID-19 pandemic, masks sold at retail were typically subject to Pennsylvania sales tax. However, masks (both cloth and disposable) could now be considered everyday wear/clothing as they are part of the normal attire. Generally speaking, clothing is not subject to Pennsylvania sales tax;" "[g]enerally, clothing is nontaxable except the following: (1) Formal day or evening apparel; (2) Articles made of real, imitation or synthetic fur, where the fur is more than three times the value of the next most valuable component material; and (3) Sporting goods and clothing normally worn or used when engaged in sports…" https://revenuepa.custhelp.com/app/answers/detail/a_id/3748#:~:text=Protective%20face%20masks%20that%20are, 6%2C%202020%20by%20Governor%20Wolf.&text=Pennsylvania%20sales%20tax%20is%20not,disposable%20surgical%20masks%20or%20ventilators.

[3] https://www.revenue.pa.gov/FormsandPublications/FormsforBusinesses/SUT/Documents/rev-717.pdf.

15. The Pennsylvania Department of Revenue provides updates to state and local tax information on its webpage.[4]

16. Defendants, as licensed retailers, knew or should have known that, during the state of emergency, "medical supplies" such as face masks or coverings are nontaxable.

17. Defendants, as licensed retailers, knew or should have known that "clothing and accessories" are nontaxable.

18. During Governor Wolf's declared state of emergency, Mr. Ranalli and others similarly situated purchased protective face masks and coverings from various Pennsylvania-licensed retailers and were charged an unlawful sales tax on said purchase. Defendants represent a fraction of retailers that failed to comply with 72 P.S. § 7204(4) and 72 P.S. § 7204(18) despite information readily available to them.

19. Charging consumers, like Mr. Ranalli and others similarly situated, sales tax on medical supplies and/or clothing and accessories –both of which are nontaxable– constitutes unfair methods of competition and unfair and deceptive practices in stark violation of the UTPCPL.

## CLASS ALLEGATIONS

20. Mr. Ranalli brings these claims individually and on behalf of all others similarly situated pursuant to Rule 1700 of the Pennsylvania Rules of Civil Procedure.

21. Mr. Ranalli seeks to certify the following Classes:

a. The Amazon Class consists of all individuals who purchased a protective face mask or face covering from Amazon over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

---

[4] https://revenue-pa.custhelp.com/app/home.

b.      The Zazzle, Inc. Class consists of all individuals who purchased a protective face mask or face covering  from Zazzle Inc., over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

c.      The Amazon and Arena Merchandising Class consists of all individuals who purchased a protective face mask or face covering  from Amazon and Arena Merchandising over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

d.      The Etsy Class consists of all individuals who purchased a protective face mask or face covering  from Etsy over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

e.      The Brave New Look Class consists of all individuals who purchased a protective face mask or face covering  from Brave New Look over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

f.      The Outdoor Research Class consists of all individuals who purchased a protective face mask or face covering from Outdoor Research over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

22.     Plaintiff reserve the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with their motion for class

certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

23.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

24.     **Numerosity – Pennsylvania Rule of Civil Procedure 1702(1).**  Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable. Governor Wolf has ordered that every Pennsylvania citizen has been ordered to wear a face mask or covering while in public. Because there are almost 13,000,000 citizens residing within the Commonwealth of Pennsylvania, there are likely hundreds, thousands, or more members of each aforementioned Class. The identities of each Class member are readily ascertainable from the records of sales and/or transactional receipts maintained by each Defendant.

25.     **Commonality – Pennsylvania Rule of Civil Procedure 1702(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

a.     Whether consumers were charged a tax or fee purported to be sales tax on the purchase of face masks or face coverings purchased within, or delivered to, Pennsylvania on or after March 6, 2020

b.     Whether charging a tax or fee purported to be sales tax on nontaxable items within the Commonwealth of Pennsylvania constitutes an unfair and deceptive practice in violation of the UTPCPL and/or the PFCEUA.

c.     Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

6

26.    **Typicality – Pennsylvania Rule of Civil Procedure 1702(3).** The Plaintiff's claims are typical of the other class members' claims because, *inter alia*, all class members were comparably injured. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

27.    **Adequacy of Representation – Pennsylvania Rule of Civil Procedure 1702(4) and 1709.** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the Classes will not be harmed. Furthermore, the interests of the Class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

28.    **Predominance – Pennsylvania Rule of Civil Procedure 1708(a)(1).** Common questions of law and fact predominate over any questions affecting only individual class members. Defendants' liability and the fact of damages is common to Plaintiff and each member of the Class.

29.    **Manageability – Pennsylvania Rule of Civil Procedure 1708(a)(2).** While the precise size of the class is unknown without the disclosure of Defendants' records, the claims of Plaintiff and the Class members are substantially identical as explained above. Certifying the case as a class action will centralize these substantially identical claims in a single proceeding and adjudicating these substantially identical claims at one time is the most manageable litigation method available to Plaintiff and the Class.

30.    **Risk of Inconsistent, Varying, or Prejudicial Adjudications – Pennsylvania Rule of Civil Procedure 1708(a)(3).** If the claims of Plaintiff and the members of the Class were

tried separately, Defendants may be confronted with incompatible standards of conduct and divergent court decisions. Furthermore, if the claims of Plaintiff and the members of the Class were tried individually, adjudications with respect to individual Class members and the propriety of their claims could be dispositive on the interests of other members of the class not party to those individual adjudications and substantially, if not fully, impair or impede their ability to protect their interests. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.

31. **Litigation Already Commenced – Pennsylvania Rule of Civil Procedure 1708(a)(4).** To Plaintiff's knowledge, there are no other cases that have been brought against Defendants, or that are currently pending against Defendants, where a Pennsylvania consumer seeks to represent a class of Pennsylvania residents based on the conduct alleged in this Class Action Complaint.

32. **The Appropriateness of the Forum - Pennsylvania Rule of Civil Procedure 1708(a)(5).** This is the most appropriate forum to concentrate the litigation because Defendant is subject to general jurisdiction in this County and a substantial number of class members were injured in this County.

33. **The Class Members' Claims Support Certification - Pennsylvania Rule of Civil Procedure 1708(a)(6) and (7).** Given the amount recoverable by each Class member, the expenses of individual litigation are insufficient to support or justify individual suits. Furthermore, the damages that may be recovered by the Class will not be so small such that class certification is unjustified. Class treatment will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34.     **The General Applicability of Defendants' Conduct - Pennsylvania Rule of Civil Procedure 1708(b)(2)**. Defendants' uniform conduct is generally applicable to the Class as a whole, making equitable and declaratory relief appropriate with respect to each class member.

**COUNT I – AMAZON**
**VIOLATIONS OF THE UTPCPL**
**73 Pa. Stat. § 201-1, *et seq*.**

35.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

36.     Mr. Ranalli and Amazon are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

37.     The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

38.     Amazon's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

39.     Amazon's advertised price for a protective face mask was $39.27.

40.     Vince Ranalli was charged and paid $40.32.

41.     Marshall's unlawfully charged Vince Ranalli $1.05 as a sales tax.

42.     Amazon's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

    a.     Amazon represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

    b.     Amazon advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

    c.     Amazon engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

43. Mr. Ranalli justifiably relied upon Amazon's fraudulent and deceptive conduct to his financial detriment.

44. Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

> "Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

45. Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

46. Amazon's actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

## COUNT II – ZAZZLE INC.
## VIOLATIONS OF THE UTPCPL
### 73 Pa. Stat. § 201-1, *et seq*.

47. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

48. Mr. Ranalli and Zazzle Inc. are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

49. The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

10

50.     Zazzle Inc.'s conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

51.     Zazzle Inc.'s advertised price for a protective face mask was $12.95.

52.     Vince Ranalli was charged and paid $14.35.

53.     Zazzle Inc. unlawfully charged Vince Ranalli $1.40 as a sales tax.

54.     Zazzle Inc.'s conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

   a.   Zazzle Inc. represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

   b.   Zazzle Inc. advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

   c.   Zazzle Inc. engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

55.     Mr. Ranalli justifiably relied upon Zazzle Inc.'s fraudulent and deceptive conduct to his financial detriment.

56.     Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

57. Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

58. Zazzle Inc.'s actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

### COUNT III – AMAZON AND ARENA MERCHANDISING
**VIOLATIONS OF THE UTPCPL**
**73 Pa. Stat. § 201-1, *et seq*.**
*Jointly and Severally*

59. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

60. Mr. Ranalli and Amazon and Arena Merchandising are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

61. The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

62. Amazon and Arena Merchandising's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

63. Amazon and Arena Merchandising's advertised price for a protective face mask was $15.99.

64. Vince Ranalli was charged and paid $16.95.

65. Amazon and Arena Merchandising unlawfully charged Vince Ranalli $.96 as a sales tax.

66. Amazon and Arena Merchandising's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

a. Amazon and Arena Merchandising represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

b. Amazon and Arena Merchandising advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

c. Amazon and Arena Merchandising engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

67. Mr. Ranalli justifiably relied upon Amazon and Arena Merchandising's fraudulent and deceptive conduct to his financial detriment.

68. Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

69. Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

70.     Amazon and Arena Merchandising's actions were willful, wanton, oppressive, outrageous, and intentional.  Therefore, the imposition of punitive damages is appropriate in this case.

71.     Defendant Amazon.com and Arena Merchandising are jointly and severally liable as a result of their acting in concert to create an indistinguishable harm in violation of Pennsylvania law described herein.

## COUNT IV – AMAZON AND ARENA MERCHANDISING
### CIVIL CONSPIRACY TO COMMIT CONVERSION

72.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

73.     In order to state a civil action for conspiracy, a complaint must allege: 1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. 2004)(citing to *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. 2000)).

74.     Amazon and Arena Merchandising acted in concert to perform the unlawful act of charging sales tax on nontaxable goods in violation of 72 P.S. § 7204(4), 7204(18) and the UTPCPL.

75.     Amazon and Arena Merchandising's common purpose was financial gain.

76.     Amazon and Arena Merchandising's overt act in pursuit of the common purpose was the imposition and collection of the unlawful charge which constituted sales tax.

77. Plaintiff and members similarly situated suffered actual legal damage in violation of their rights as Pennsylvania consumers.

## COUNT V – ETSY
## VIOLATIONS OF THE UTPCPL
### 73 Pa. Stat. § 201-1, *et seq*.

78. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

79. Mr. Ranalli and Etsy are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

80. The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

81. Etsy's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

82. Etsy's advertised price for a protective face mask was $11.98.

83. Vince Ranalli was charged and paid $12.82.

84. Etsy unlawfully charged Vince Ranalli $.84 as a sales tax.

85. Etsy's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

    a.   Etsy represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

    b.   Etsy advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

    c.   Etsy engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

86.     Mr. Ranalli justifiably relied upon Etsy's fraudulent and deceptive conduct to his financial detriment.

87.     Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

> "Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

88.     Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

89.     Etsy's actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

## COUNT VI – BRAVE NEW LOOK
## VIOLATIONS OF THE UTPCPL
### 73 Pa. Stat. § 201-1, *et seq*.

90.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

91.     Mr. Ranalli and Brave New Look are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

92.     The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

16

93. Brave New Look's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

94. Brave New Look's advertised price for a protective face mask was $20.00.

95. Vince Ranalli was charged and paid $21.50 for the mask itself.

96. Brave New Look unlawfully charged Vince Ranalli $1.50 as a sales tax.

97. Brave New Look's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

    a.  Brave New Look represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

    b.  Brave New Look advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

    c.  Brave New Look engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

98. Mr. Ranalli justifiably relied upon Brave New Look's fraudulent and deceptive conduct to his financial detriment.

99. Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

> "Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

100. Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

101. Brave New Look's actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

**COUNT VII – OUTDOOR RESEARCH**
**VIOLATIONS OF THE UTPCPL**
**73 Pa. Stat. § 201-1, *et seq*.**

102. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

103. Mr. Ranalli and Outdoor Research are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

104. The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

105. Outdoor Research's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

106. Outdoor Research's advertised price for a protective face mask was $20.00.

107. Vince Ranalli was charged and paid $22.03 for the mask itself.

108. Outdoor Research unlawfully charged Vince Ranalli $2.03 as a sales tax.

109. Outdoor Research's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

a. Outdoor Research represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

b. Outdoor Research advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

c. Outdoor Research engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

110.   Mr. Ranalli justifiably relied upon Outdoor Research's fraudulent and deceptive conduct to his financial detriment.

111.   Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

112.   Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

113.   Outdoor Research's actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

**VIOLATIONS OF THE PFCEUA, 73 P.S. § 2270,** *et seq.*
**VIOLATIONS OF THE UTPCPL, 73 P.S. § 201-1,** *et seq.*
*Asserted on behalf of Plaintiff and Class, against All Defendants*

114.    Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

115.    Vince Ranalli is a "consumer" as defined by 73 P.S. § 2270.3 of the PFCEUA.

116.    Defendants are "creditor[s]" as defined by 73 P.S. § 2270.3 of the PFCEUA. At the point of sale, a debt was created to which Plaintiff owed and promptly paid.

117.    73 P.S. § 2270.4(5) of the PFCEUA provides:

> (5) A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (v) The threat to take any action that cannot legally be taken or that is not intended to be taken
> (x) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

73 P.S. § 2270.4(5) of the PFCEUA.

118.    Upon charging sales tax upon a nontaxable item, Defendants utilized false, deceptive, and misleading representations and means in connection with the collection of any debt as Defendants misrepresented the amount lawfully due in violation of 73 P.S. § 2270.4(5) of the PFCEUA.

119.    Upon charging sales tax upon an item deemed exempt from sales tax provisions, Defendants took an action that cannot legally be taken in violation of 73 P.S. § 2270.4(5)(v) of the PFCEUA.

120.    73 P.S. § 2270.4(6) of the PFCEUA provides:

> A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (i) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law

73 P.S. § 2270.4(6) of the PFCEUA.

121.    Defendants' unlawful behavior described hereinabove constituted the collection of any amount not expressly authorized by law in violation of 73 P.S. § 2270.4(6)(i) of the PFCEUA.

122.    Vince Ranalli thereby justifiably relied upon and subsequently suffered an ascertainable loss in the form of the abovementioned excessive and unlawful charge.

123.    73 P.S. § 2270.5 of the PFCEUA provides "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law." *Id.*

124.    73 P.S. § 201-2(4)(xxi) of the UTPCPL prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id*.

125.    Defendants engaged in fraudulent or deceptive conduct becoming of confusion or of misunderstanding upon exacting a tax upon a nontaxable item as described hereinabove.

126.    Therefore, Defendants violated 73 P.S. § 201-2(4)(xxi) of the UTPCPL.

127.    73 P.S. § 201-9.2 of the UTPCPL provides, in relevant part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 1 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to

three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees

73 P.S. § 201-9.2 of the UTPCPL.

73.     As a direct and proximate result of Defendants' violations of the PFCEUA and the UTPCPL, Vince Ranalli suffered actual damages in the form of the unlawfully charged sales tax, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## COUNT IX
**Asserted on behalf of Plaintiffs and Class, against All Defendants**
*Misappropriation/Conversion*

74.     Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Class Action Complaint as if fully restated herein.

75.     At all times relevant herein, Plaintiffs and class members had a property interest in their funds.

76.     Defendants, by their wrongful acts, interfered with Plaintiffs' and class members' property interests in their funds by unlawfully exacting a tax on a nontaxable item

77.     Defendants had no authority to charge Plaintiffs and class members tax on a nontaxable product.

78.     As a result, Defendants' collection of fees converted the funds rightfully belonging to Plaintiffs and the class members without their consent. Further, Defendants caused the Plaintiffs and class members to suffer a loss of use of their funds.

79.     The conversion the class member's money was illegal, unjustified, outrageous, and intentional, insofar as it is believed and therefore averred that at all times relevant herein Defendants have or had actual knowledge that the process it employed to charge Plaintiffs violated Pennsylvania law.

22

80.     Alternatively, if the conversion was not deliberate, it was the result of Defendants' recklessness and gross neglect.

81.     The conversion of Plaintiff's and class members' funds benefitted and continues to benefit Defendants, while acting to the severe pecuniary disadvantage of Plaintiffs and the class members.

82.     As a result of the conversion, Plaintiffs and class members suffered actual injury and loss in amounts that are capable of identification through Defendants' records.

**COUNT X**
**Asserted on behalf of Plaintiffs and Class, against All Defendants**
*Unjust Enrichment*

83.      Plaintiff incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

84.     As a result of Defendants' unlawful and deceptive actions described above, Defendants were enriched at the expense of Plaintiff and the class members through the payment of fees in the form of a sales tax that never should have been charged for the sale of the protective masks and was charged in direct violation of Pennsylvania law.

85.     Defendants received the benefit of maximizing fees and/or profits at the expense of the Plaintiff and class members in direct violation of Pennsylvania Law.

86.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill -gotten benefits they received from Plaintiff and the class members, in light of the fact that Defendants used illegal, deceptive, and/or unfair practices to force Plaintiff and class members to pay fees in the form of a sales tax in direct violation of Pennsylvania law.

87.     Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiff and the class members for the benefits received as a result of Defendants' unfair, deceptive, and/or illegal practices described herein.

## COUNT XI
## PERMANENT INJUNCTION ORDERING ALL
## DEFENDANTS TO CEASE AND DESIST FROM
## UNLAWFUL CHARGING OF SALES TAX

88.　　Plaintiff incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

89.　　In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (2002).

90.　　The party need not establish either irreparable harm or immediate relief and a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016) citing *Buffalo Twp.* at 663.

91.　　A party must also show greater injury will result from refusing rather than granting the relief requested. *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016).

92.　　In the case at hand, Plaintiff possesses a clear right to relief through Defendants' unlawful and flagrant charging of excessive fees in violation of 73 P.S. 201-2 of the UTPCPL and 73 P.S. § 2270 of the PFCEUA.

93.　　Defendants affirmatively and unlawfully charged excessive fees and costs associated with the purchase of nontaxable items.

94.　　In the case at hand, a permanent injunction is necessary to prevent further wrongdoing at the hands of Defendants.

95.　　As it stands, thousands of dollars are being unlawfully gained at the hands of Defendants' behavior.

96.　　No adequate redress at law exists outside an injunction to mitigate the currently endless charging of excessive fees at the hands of Defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Vince Ranalli, on his own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Amazon.com, LLC, Defendant, Arena Merchandising, by and through Amazon.com, LLC, Defendant, Etsy.com, Defendant, Brave New Look, and Defendant, Outdoor Research, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendants to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the class members as a result of Defendants' unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful conduct as set forth herein;

D. Ordering Defendants to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

E. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

F. Ordering such other and further relief as may be just and proper

## JURY DEMAND

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: November 12, 2020                    By: _____
                                               Joshua P. Ward (Pa. I.D. No. 320347)
                                               Kyle H. Steenland (Pa. I.D. No. 327786)

                                               J.P. Ward & Associates, LLC
                                               The Rubicon Building
                                               201 South Highland Avenue
                                               Suite 201
                                               Pittsburgh, PA 15206

                                               Counsel for Plaintiff

## VERIFICATION

I, Joshua P. Ward, Esquire, of J.P. Ward & Associates, LLC, hereby certify that the facts set forth in the within Complaint in Civil Action are true and correct to the best of my knowledge, or information and belief, and that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: November 12, 2020                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

## GD-20-011702

**Ranalli vs Amazon.com LLC etal**

**Filing Date:**
11/12/2020
**Filing Time:**
08:38:30
**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 0

**Case Type:**
Other Tort

**Court Type:**
General Docket

**Current Status:**
Praecipe for Appearance

**Jury Requested:**
Y

Collapse All

**— Parties**  Count : 11

**--Litigants--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|-------|-------|----|------|---------|----------------------------|----------|
| Ranalli | Vince | | Plaintiff | 21 Shangri La Circle Pittsburgh PA 15239 | -- | Joshua P. Ward |
| Zazzle Inc. | | | Defendant | 1800 Seaport Boulevard Redwood City CA 94063 | -- | |
| Outdoor Research | | | Defendant | 2203 1st Avenue South Seattle WA 98134 | -- | Danielle M Vugrinovich |
| Etsy.com LLC | | | Defendant | 117 Adams Street Brooklyn NY 11201 | -- | |
| Brave New Look | | | Defendant | 237 Kearney Street Suite 9091 San Francisco CA 94108 | -- | -- |
| Arena Merchandising | | | Defendant | 21430 North Second Avenue Suite 2 Phoenix AZ 85027 | -- | -- |
| Amazon.com LLC | | | Defendant | 410 Terry Avenue Seattle WA 98109 | -- | -- |

Showing 1 to 7 of 7 rows

**--Attorney--**

| LName | FName | MI | Type | Address | Phone |
|-------|-------|----|------|---------|-------|
| Ward | Joshua | P. | Plaintiff's Attorney | | -- |
| Graham | Gregory | P. | Defendant's Attorney | Union Trust Building 501 Grant Street Suite 700 Pittsburgh PA 15219 | -- |
| Vugrinovich | Danielle | M | Attorney | | -- |
| Rockney | James | L | Attorney | | -- |

Showing 1 to 4 of 4 rows

## --Non Litigants--

Search [ ]

| LName | FName | MI | Type | Address | Phone |
|-------|-------|----|----|---------|-------|
| No matching records found | | | | | |

## ➖ Docket Entries  Count : 3

Search [ ]

| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|-------------|-------------|-------------|--------------|----------|
| 1/11/2021 | Praecipe for Appearance | FILED ON BEHALF OF: Defendant, Outdoor Research | Gregory Graham P. |  Document 3 |
| 1/11/2021 | Praecipe for Appearance | FILED ON BEHALF OF: Defendant, Outdoor Research | Danielle Vugrinovich M | Document 2 |
| 11/12/2020 | Complaint | | Vince Ranalli | Document 1 |

Showing 1 to 3 of 3 rows

## ➖ Event Schedule  Count : 0

Search [ ]

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|-----------------|-------------------|-------------|------------------------|
| No matching records found | | | |

## ➖ Services

Search [ ]

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|------|------|-----------------|---------------|-----------|--------------|--------------|--------|
| No matching records found | | | | | | | |

Collapse All