IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

VINCE RANALLI, on behalf of himself and
all others similarly situated

          Plaintiff,

  v.

AMAZON.COM, LLC; ZAZZLE INC.;
ARENA MERCHANDIZING BY AND
THROUGH AMAZON.COM, LLC;
ETSY.COM, LLC; BRAVE NEW LOOK;
and OUTDOOR RESEARCH

          Defendants.

2:21-CV-00088-RJC

Electronically Filed

**JURY TRIAL DEMANDED**

**JOINDER TO PETITION FOR REMOVAL OF CIVIL ACTION**

AND NOW, comes Defendant, OUTDOOR RESEARCH, LLC, by and through its counsel, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, DANIELLE M. VUGRINOVICH, ESQUIRE and GREGORY P. GRAHAM, ESQUIRE, files the within Joinder to Petition for Removal of Civil Action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, representing as follows:

    1.    On or about November 12, 2020, Plaintiff filed a putative class action in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, entitled and captioned: *Vince Ranalli, on behalf of himself and all those similarly situated v. Amazon.com, LLC, et. al.* at GD 20-011702 via Complaint. *See*, Complaint attached hereto as Exhibit "A."

    2.    Plaintiff alleges individual and putative class claims against Outdoor Research for violations of the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, *et. seq.* and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73

Pa .S. §2270.1, *et. seq.*, and common law claims for "misappropriation/conversion" and unjust enrichment. Plaintiff also demands a permanent injunction.  *See, Complaint.*

3. Plaintiff purports to state a claim against Outdoor Research, alleging that he purchased a face mask or face covering from it on an unspecified date "during Governor Wolf's declared state of emergency" and was charged sales tax. *See, Complaint, ¶18.*

4. Plaintiff alleges that he is a resident of Allegheny County, Pennsylvania *See, Complaint, ¶1.* Therefore, upon information and belief, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5. Outdoor Research, LLC is a limited liability company organized under the laws of the state of Washington with its principal place of business at 1663 Harbor Avenue SW, Seattle, Washington 98126-2027.

6. Outdoor Research, LLC received a copy of the Complaint on or about December 23, 2020; however, it disputes that service was effectuated properly.

7. Co-Defendant Amazon.com Services, LLC ("Amazon") filed a Petition for Removal on January 20, 2021, citing the Class Action Fairness Act, 28 U.S.C. §§ 1332, *et. seq.* as its basis for removal.

8. Outdoor Research, LLC joins in Amazon's Petition for Removal.

**Diversity of Citizenship**

9. Additionally, Outdoor Research, LLC herein additionally asserts its own basis for federal jurisdiction based upon diversity of citizenship. *See, 28 U.S.C. §§1441 and 1446.*

10. The present lawsuit is removable from state court to this Honorable Court pursuant to 28 U.S.C. §§1441 and 1446.

11.     Plaintiff admits in his Complaint that he is a resident of Allegheny County, Pennsylvania. *See, Complaint, ¶1.*

12.     Outdoor Research is a limited liability company organized under the laws of the state of Washington with its principal place of business at 1663 Harbor Avenue SW, Seattle, Washington 98126-2027.

13.     Each named Defendant is a citizen in a state other than Pennsylvania. *See, Complaint, ¶¶ 2-7.*

14.     The putative class definition for Plaintiff's claims against Outdoor Research is comprised of "all individuals who purchased a protective face mask or face covering from Outdoor Research over the internet on or after March 6, 2020, arranged for delivery into Pennsylvania and who were charged an amount purporting to represent sales tax on that purchase. (hereinafter referred to as "Outdoor Research Putative Class"). *See, Complaint, ¶ 21(f).*

15.     Plaintiff's claims are based solely on state law. It is undisputed that the diversity of citizenship requirement has been met because the named class representatives are citizens of Pennsylvania and the defendants are citizens of states other than Pennsylvania. *See Snyder v. Harris,* 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319, *reh'g denied* 394 U.S. 1025, 89 S.Ct. 1622, 23 L.Ed.2d 50 (1969); *In re School Asbestos Litig.,* 921 F.2d 1310, 1317 (3d Cir.1990).

*Pohl v. NGK Metals Corp.*, 117 F.Supp.2d 474, 476 (E.D. Pa. 2000).

16.     Therefore, diversity of citizenship is satisfied.

**Amount in Controversy**

17.     Plaintiff alleges that he lost money or property as result of Outdoor Research's alleged violations and therefore, pursuant to the UTPCPL, he and the Outdoor Research Putative Class are entitled to a minimum of one hundred dollars ($100) per violation under 73 P.S. 201-9.2, as well as reasonable costs and attorney fees and such additional relief the Court deems necessary

3

and proper. *See, Complaint,* ¶ 44. Plaintiff also seeks compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit, which he alleges may be trebled. *Id.* ¶ 45.

18. Although Outdoor Research denies that it has any liability to Plaintiff, the alleged Outdoor Research Putative Class, or putative class in this action, and denies that any class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate amount of relief sought by the alleged Outdoor Research Putative Class exceeds $75,000, exclusive of interest and costs.

19. Outdoor Research's business records indicate that more than 7,600 sales of face masks or face coverings are encompassed by the claims of the alleged Outdoor Research Putative Class. Accordingly, the alleged statutory damages sought by the alleged Outdoor Research's Putative Class alone, in the aggregate, exceed $75,000 (7,600 sales x $100 per sale = $76,000).

20. In addition, Plaintiff, on behalf of himself and the alleged Outdoor Research Putative Class, seeks unspecified damages in relation to his PFCEUA and state common law claims, and seeks "reasonable costs and attorney fees and such additional relief the Court deems necessary and proper." *See, Complaint,* ¶ 186.

21. As such, Outdoor Research satisfies the amount in controversy requirement.

**Procedure for Removal**

22. This Petition for Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days following its receipt of the Complaint.

23. A copy of the Court of Common Pleas of Allegheny County docket is attached hereto as Exhibit "B."

24. Written notice of the filing of this Petition for Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d).

25. Amazon and Zazzle, Inc. consent to the within removal. Outdoor Research has no information as to whether any other Defendant has been served. Importantly, no attorney has entered his/her appearance on the docket for the other Defendants; therefore, undersigned had no contact information to obtain consent to the within removal.

26. Outdoor Research has filed a copy of a Notice of Filing of Petition for Removal with the Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania where the state court action was pending as required by 28 U.S.C. 1446(d). *See, Notice of Filing of Petition for Removal attached hereto as Exhibit "C."*

WHEREFORE, Defendant, Outdoor Research, LLC, joins in and individually respectfully requests the removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

BY: _____
DANIELLE M. VUGRINOVICH, ESQUIRE
GREGORY P. GRAHAM, ESQUIRE
MICHAEL D. WINSKO, ESQUIRE
Attorney for Defendant, Outdoor Research

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Petition for Removal of a Civil Action** has been served upon the following known counsel of record this 22nd day of January 2021, via electronic mail and/or United States First-Class Mail, postage prepaid:

Joshua P. Ward, Esquire
J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue, Suite 201
Pittsburgh, PA  15206
**(Counsel for Plaintiff)**

James L. Rockney, Esquire
Ginevra F. Ventre, Esquire
Reed Smith, LLP
225 Fifth Avene, Suite 1200
Pittsburgh, PA  15222-2716

Brian T. Phelps, Esquire
Reed Smith, LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60607-7507
**(Counsel for Amazon.com, LLC)**

Etsy.com, LLC
117 Adams Street
Brooklyn, NY  11201

Brave New Look
237 Kearney Street, Ste. 9091
San Francisco, CA  94108

Arena Merchandising
21430 North Second Avenue, Ste. 2
Phoenix, AZ  85027

_____
DANIELLE M. VUGRINOVICH, ESQUIRE
GREGORY P. GRAHAM, ESQUIRE
MICHAEL D. WINSKO, ESQUIRE
Attorney for Defendant, Outdoor Research