## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCE RANALLI, on behalf of himself and all others similarly situated, | |
| | 2:21-CV-00088-RJC |
| Plaintiff, | |
| v. | ELECTRONICALLY FILED |
| AMAZON.COM, LLC; ZAZZLE INC.; ARENA MERCHANDISING BY AND THROUGH AMAZON.COM, LLC; ETSY.COM, LLC; BRAVE NEW LOOK; and OUTDOOR RESEARCH, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### JOINDER TO PETITION FOR REMOVAL OF CIVIL ACTION

AND NOW, comes Defendant, ZAZZLE INC. ("Zazzle"), by and through its counsel, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, DANIELLE M. VUGRINOVICH, ESQUIRE and GREGORY P. GRAHAM, ESQUIRE, files the within Joinder to Petition for Removal of Civil Action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, representing as follows:

1. On or about November 12, 2020, Plaintiff filed a putative class action in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, entitled and captioned: *Vince Ranalli, on behalf of himself and all those similarly situated v. Amazon.com, LLC, et. al. at GD 20-011702* via Complaint. *See*, Complaint attached hereto as Exhibit "A."

2. Plaintiff alleges individual and putative class claims against Zazzle for violations of the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. §201-

1, *et. seq.* and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa .S. §2270.1, *et. seq.*, and common law claims for "misappropriation/conversion" and unjust enrichment. Plaintiff also demands a permanent injunction. *See, Complaint.*

3. Plaintiff purports to state a claim against Zazzle, alleging that he purchased a face mask or face covering from it on an unspecified date "during Governor Wolf's declared state of emergency" and was charged sales tax. *See, Complaint, ¶18*.

4. Plaintiff alleges that he is a resident of Allegheny County, Pennsylvania *See, Complaint, ¶1*. Therefore, upon information and belief, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5. Zazzle is California corporation organized under the laws of the state of California with its principal place of business at 50 Woodside Plaza #231, Redwood City, California 94061.

6. Zazzle received a copy of the Complaint on or about December 23, 2020.

7. Co-Defendant Amazon.com Services, LLC ("Amazon") filed a Petition for Removal on January 20, 2021, citing the Class Action Fairness Act, 28 U.S.C. §§ 1332, *et. seq.* as its basis for removal.

8. Zazzle joins in Amazon's Petition for Removal.

## JURISDICTIONAL STATEMENT

9. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts diversity jurisdiction over putative class actions that were commenced on or after its effective date of February 18, 2005, and that have minimal diversity, 100 or more class members, and an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332 note; 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). This action satisfies each of these requirements.

A. **Commencement**

10. As set forth above, this action was commenced on or about November 12, 2020, after CAFA's effective date. *See, Complaint.* Accordingly, CAFA applies to this action. *See* 28 U.S.C. § 1332 note.

B. **Minimal Diversity of Citizenship**

11. CAFA requires only minimal diversity, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See,* 28 U.S.C. § 1332(d)(2)(A).

12. Zazzle is a citizen of California for purposes of 28 U.S.C. § 1332(c)(1).

13. The Complaint alleges that plaintiff is a natural person who resides in Pennsylvania. *See, Complaint,* ¶ 1.

14. In addition, the alleged Zazzle Putative Class consists of individuals who purchased face masks in, or for delivery into, Pennsylvania. *See, Complaint,* ¶ 21(b).

15. Upon information and belief, Zazzle alleges that Plaintiff and numerous members of the alleged Zazzle Putative Class, are domiciled in Pennsylvania. Therefore, they are citizens of Pennsylvania. *See Papurello v. State Farm Fire & Cas. Co.,* 144 F. Supp. 3d 746, 752 (W.D. Pa. 2015) ("Citizenship of natural persons is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation.") (internal quotation marks and citations omitted).

16. Because Plaintiff and members of the alleged Zazzle Putative Class are citizens of a state different from Zazzle, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A); *Papurello,* 144 F. Supp. 3d at 755 ("CAFA requires minimal diversity—i.e., a showing that any class member and any defendant are citizens of different states." (internal quotation marks and citations omitted).

### C. Numerosity

17. CAFA requires that "the number of members of *all proposed plaint classes in the aggregate*" be at least 100. *See,* 28 U.S.C. § 1332(d)(5)(B) (emphasis added). This requirement is satisfied by the alleged Zazzle Putative Class alone.

18. The Complaint alleges that "the members of class [sic] is so numerous that joinder of all class members is impracticable." *See, Complaint,* ¶ 24.

19. The Complaint further alleges that "there are almost 13,000,000 citizens residing within the Commonwealth of Pennsylvania as of July 1, 2019," and each citizen is subject to Governor Wolf's face-mask order, "there are likely *hundreds, thousands, or more* members of each aforementioned class." *Id.* (emphasis added).

20. Furthermore, based on a preliminary investigation of Zazzle's business records, Zazzle believes that the alleged Zazzle Putative Class exceeds 100 individuals. Zazzle does not waive any arguments with respect to numerosity that may be presented.

21. Accordingly, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### D. Amount in Controversy

22. CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See,* 28 U.S.C. § 1332(d)(2). It further provides that "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id. §* 1332(d)(6).

23. Zazzle denies that it has any liability to Plaintiff, the alleged Zazzle Putative Class, or any putative class in this action, and denies that any class could be properly certified under Federal Rule of Civil Procedure 23. However, based upon a preliminary investigation, the

aggregate amount of relief sought by Plaintiff in the alleged Zazzle Putative Class exceeds $5,000,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A))).

24. Plaintiff and the alleged Zazzle Putative Class seek a minimum of statutory damages of $100 for each alleged violation of the UTPCPL. *See, Complaint,* ¶ 44. A preliminary investigation of Zazzle's business records indicates that more than 48,000 sales of face masks or face coverings are encompassed by the claims of the alleged Zazzle Putative Class. Accordingly, based upon a preliminary investigation, the alleged statutory damages sought by the alleged Zazzle Putative Class alone, in the aggregate, exceeds $4,800,000.

25. In addition, Plaintiff, on behalf of himself and the alleged Zazzle Putative Class, seeks unspecified damages in relation to his PFCEUA and state common law claims, and seeks "reasonable costs and attorney fees and such additional relief the Court deems necessary and proper." *Id.* ¶ 186. Attorneys' fees are included in determining the amount in controversy for purposes of CAFA jurisdiction. *Verma v. 3001 Castor, Inc.,* 937 F.3d 221, 227 (3d Cir. 2019).

26. "A median recovery range for attorney's fees is approximately 30 percent." *Neale v. Volvo Cars of N Am., LLC,* 794 F.3d 353, 357 n.1 (3d Cir. 2015). Thus, the inclusion of attorneys' fees would elevate the amount in controversy even further above the threshold CAFA jurisdictional requirement.

27. Because this is a putative class action that was commenced after February 18, 2005, in which there is minimal diversity, at least 100 putative class members, and more than $5,000,000 in the aggregate in controversy, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and the action is removable under 28 U.S.C. § 1441(a).

## PROCEDURE FOR REMOVAL

28. This Petition for Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days following Zazzle's receipt of the Complaint (*i.e.* December 23, 2020).

29. A copy of the Court of Common Pleas of Allegheny County docket is attached hereto as Exhibit "B."

30. Written notice of the filing of this Petition for Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d).

31. Amazon and Outdoor Research, LLC consent to the within removal. Zazzle has no information as to whether any other Defendant has been served. Importantly, no attorney has entered his/her appearance on the docket for the other Defendants; therefore, undersigned had no contact information to obtain consent to the within removal.

32. Zazzle has filed a copy of a Notice of Filing of Petition for Removal with the Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania where the state court action was pending as required by 28 U.S.C. 1446(d). *See, Notice of Filing of Petition for Removal attached hereto as Exhibit "C."*

WHEREFORE, Defendant, Zazzle Inc., joins in and individually respectfully requests the removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

BY: _____
DANIELLE M. VUGRINOVICH, ESQUIRE
**Attorney for Defendant, Zazzle Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Petition for Joinder in Removal of a Civil Action** has been served upon the following known counsel of record this 22nd day of January 2021, via electronic mail and/or United States First-Class Mail, postage prepaid:

| | |
|---|---|
| Joshua P. Ward, Esquire<br>J.P. Ward & Associates, LLC<br>The Rubicon Building<br>201 South Highland Avenue,<br>Suite 201<br>Pittsburgh, PA  15206<br>(Counsel for Plaintiff) | James L. Rockney, Esquire<br>Ginevra F. Ventre, Esquire<br>Reed Smith, LLP<br>225 Fifth Avene, Suite 1200<br>Pittsburgh, PA  15222-2716<br><br>Brian T. Phelps, Esquire<br>Reed Smith,LLP<br>10 South Wacker Drive, 40th Floor<br>Chicago, IL  60607-7507<br>(Counsel for Amazon.com, LLC) |
| Etsy.com, LLC<br>117 Adams Street<br>Brooklyn, NY  11201<br><br>Arena Merchandising<br>21430 North Second Avenue, Ste. 2<br>Phoenix, AZ  85027 | Brave New Look<br>237 Kearney Street, Ste. 9091<br>San Francisco, CA  94108 |

_/s/ Danielle M. Vugrinovich_
DANIELLE M. VUGRINOVICH, ESQUIRE
**Attorney for Defendant, Zazzle Inc.**