IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCE RANALLI, on behalf of himself and
all others similarly situated,

          Plaintiff,

v.

AMAZON.COM, LLC; ZAZZLE INC.;
ARENA MERCHANDISING BY AND
THROUGH AMAZON.COM, LLC;
ETSY.COM, LLC; BRAVE NEW LOOK;
and OUTDOOR RESEARCH,

          Defendants.

2:21-CV-00088-RJC

ELECTRONICALLY FILED

**JURY TRIAL DEMANDED**

## ZAZZLE INC.'S RULE 12(b)6 MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, RULE 56 MOTION FOR SUMMARY JUDGMENT

AND NOW, comes Zazzle Inc., by and through its undersigned counsel, Marshall Dennehey, and specifically Gregory P. Graham, Esq., and files this Rule 12(b)6 Motion to Dismiss Plaintiff's Complaint or, in the alternative, Rule 56 Motion for Summary Judgment, averring as follows:

1. Plaintiff Vince Ranalli ("Ranalli") brings forth this class action suit following his alleged internet purchase of a protective face mask or covering from each of the Defendants. (*See Generally*, Plaintiff's Complaint).

2. Ranalli alleges that the imposition and collection of sales tax was improper, as the masks and coverings were reclassified as everyday wear/clothing due to the COVID-19 pandemic by the Pennsylvania Department of Revenue and thus exempt from Pennsylvania sales tax under 72 P.S. § 7204. (Complaint, ¶¶ 12-19).

3. Ranalli's theories of liability as to all Defendants are based upon an assertion that Defendants each improperly charged him, and others, sales tax as part of their purchase of face masks or face coverings. (Complaint, ¶¶ 12-19).

4. Ranalli brings the following Counts against Zazzle Inc.: Count II – Violations of the UTPCPL solely against Zazzle as an individual Defendant; Count VIII – Violations of the PFCEUA and UTPCPL on behalf of Plaintiff and similarly situated classes against all Defendants; Count IX – Misappropriation/Conversion on behalf of Plaintiff and similarly situated classes against all Defendants; and Count X – Unjust Enrichment on behalf of Plaintiff and similarly situated classes against all Defendants. (Complaint, Counts II, VIII, IX, and X).

5. For the following reasons, set forth in detail in Zazzle Inc.'s Brief in Support which is incorporated in full herein, Ranalli's claims fail and his case must be dismissed or stayed.

6. This Court should stay or dismiss Ranalli's case because Ranalli previously agreed to submit any claims arising from his purchase of a Zazzle mask to individual arbitration in San Mateo, California by accepting the terms of Zazzle Inc.'s User Agreement, which included a Dispute Resolution Clause.

7. Even if this Court declines to enforce the arbitration provision, it must still stay the case as the Department of Revenue has primary jurisdiction over Ranalli's claims relating to the assessment and collection of sales tax.

8. Regardless of whether this Court elects to stay Ranalli's case pursuant to the applicable arbitration provision or the Department of Revenue's exercise of primary jurisdiction, it must dismiss Ranalli's class action claims against Zazzle Inc. at this point as Ranalli agreed to forego any class action or collective claims under the terms of the User Agreement.

9. Should the Court allow Ranalli's case to move forward, his claims are all barred via application of the voluntary payment doctrine.

10. Additionally, he has failed to state a claim for his UTPCPL, PFCEUA, Conversion, and Unjust Enrichment claims and they must therefore be dismissed.

11. Even if they are allowed to proceed, the claims must be limited in time to transactions made on or after October 30, 2020 because the Department of Revenue communication which Ranalli relies upon to assert that the sales tax was improperly imposed does not have any retroactive effect.

12. Finally, Zazzle Inc. no longer assesses or collects sales tax on the sale of face masks or protective coverings and therefore Ranalli's claim for injunctive relief is moot.

13. Accordingly, for these reasons – set forth in detail in Zazzle Inc.'s accompanying brief - Mr. Ranalli's case must be stayed and submitted to arbitration; stayed pending application of the primary jurisdiction of the Department of Revenue; or dismissed in full.

WHEREFORE, Defendant Zazzle Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss or, in the alternative, its Motion for Summary Judgment and dismiss or stay Vince Ranalli's case in accordance with Zazzle Inc.'s Proposed Order of Court.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

BY: _____
Gregory P. Graham
Danielle M. Vugrinovich
Michael D. Winsko
**Counsel for Defendant, Zazzle Inc.**

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel, Joshua P. Ward, and Defendant's counsel, Danielle M. Vugrinovich, conducted a telephone conference on March 10, 2021 to confer on this matter. The parties were unable to reach an agreement regarding this Motion to Dismiss.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Greg P. Graham, Esquire
PA ID #317205
**Attorney for Defendant**
Union Trust Building, Ste. 700
501 Grant Street
Pittsburgh, PA  15219
412-803-1189 -Phone
gpgraham@mdwcg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March 2021 I electronically filed the foregoing **RULE 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, RULE 56 MOTION FOR SUMMARY JUDGMENT** with the Clerk of Courts using the CM/ECF system which will send notification of such filing to all counsel of record. This document was filed electronically and is available for viewing and downloading from the ECF system.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY: _____

Gregory P. Graham
Danielle M. Vugrinovich
Michael D. Winsko
**Counsel for Defendant, Zazzle Inc.**