**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

VINCE RANALLI,                                **:**
on behalf of himself and all others similarly  **:**   2:21-CV-00088-RJC
situated,                                     **:**
                                              **:**   **ELECTRONICALLY FILED**
            Plaintiff,                        **:**
                                              **:**
      v.                                      **:**
                                              **:**   **FIRST AMENDED COMPLAINT**
ZAZZLE INC., ETSY.COM, LLC, BRAVE             **:**
NEW LOOK, and OUTDOOR RESEARCH,               **:**
                                              **:**
            Defendants.

Filed on Behalf of Plaintiff:
Vince Ranalli

Counsel of Record for This Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:     (412) 545-3015
Fax No.:       (412) 540-3399
E-mail:        jward@jpward.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

VINCE RANALLI,                                    :
on behalf of himself and all others similar      :
situated,                                          :
                                                   :
               Plaintiff,          :          2:21-CV-00088-RJC
                                                   :
      v.                            :
                                                   :
ZAZZLE INC., ETSY.COM, LLC, BRAVE                 :
NEW LOOK, and OUTDOOR                             :
RESEARCH,                                          :

           Defendants.

## **FIRST AMENDED COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, Vince Ranalli by and through the undersigned counsel, J.P.

Ward & Associates, LLC, and, specifically, Joshua P. Ward, Esquire, who files the within Class

Action Complaint in Civil Action against Defendant, Zazzle Inc., Defendant, Etsy.com, LLC,

Defendant, Brave New Look, and Defendant, Outdoor Research, of which the following is a

statement:

## **PARTIES**

1.       Plaintiff, Vince Ranalli (hereinafter, "Mr. Ranalli"), is an adult individual who

currently resides at 21 Shangri La Circle, Pittsburgh, Pennsylvania 15239.

2.       Defendant, Zazzle, Inc., is an entity engaged in commerce within the state of

Pennsylvania with a principal place of business located at 1800 Seaport Boulevard, Redwood City,

California, 94063.

3.      Defendant, Etsy.com, LLC, is an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 117 Adams Street, Brooklyn, New York, 11201.

4.      Defendant, Brave New Look, an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 237 Kearney Street, #9091, San Francisco, California 94108.

5.      Defendant, Outdoor Research, an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 2203 1st Avenue South, Seattle, Washington, 98134.

6.      Defendants are licensed retail companies that operate within the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper as Plaintiff bring this lawsuit under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S.A. § 201-1, *et seq*, and the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 P.S. § 2270.1, *et seq*.

8.      Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## ALLEGATIONS OF FACT

9.      Retailers operating in Pennsylvania cannot collect sales tax on protective face masks or coverings because they are nontaxable as "medical supplies."[1] 72 P.S. § 7204(17).

10.     Retailers operating in Pennsylvania cannot collect sales tax on protective face masks or coverings because they are nontaxable as "clothing and accessories." [2] 72 P.S. § 7204(26).

11.     In order to charge or collect sales tax, retailers must first obtain a license from the Pennsylvania Department of Revenue. 61 Pa. Code § 34.1.

12.     The Pennsylvania Department of Revenue provides detailed information regarding state and local sales taxes and fees.[3]

---

[1] On or about March 6, 2020, Governor Tom Wolf declared a disaster emergency due to COVID-19. Thereafter, Governor Wolf renewed the disaster emergency on June 3, 2020 and again on August 31, 2020 for a 90-day period. The Pennsylvania Department of Revenue stated that "[p]rotective face masks that are sold at retail are exempt from Pennsylvania sales tax during the emergency disaster declaration issued on March 6, 2020 by Governor Wolf."

[2] "As of October 30, 2020, in response to the ubiquitous use of non-medical masks and face coverings, the department recognizes that both cloth and disposable non-medical masks and face coverings are exempt from sales and use tax as everyday wear or clothing." *Sales and Use Tax Bulletin 2021-01*. https://www.revenue.pa.gov/GeneralTaxInformation/TaxLawPoliciesBulletinsNotices/TaxBulletins/SUT/Documents/st_bulletin_2021-01.pdf

[3] https://www.revenue.pa.gov/FormsandPublications/FormsforBusinesses/SUT/Documents/rev-717.pdf.

13.     The Pennsylvania Department of Revenue provides updates to state and local tax information on its webpage.[4]

14.     Defendants, as licensed retailers, knew or should have known that, during the state of emergency, "medical supplies" such as face masks or coverings are nontaxable.

15.     Defendants, as licensed retailers, knew or should have known that "clothing and accessories" are nontaxable.

16.     During Governor Wolf's declared state of emergency, Mr. Ranalli and others similarly situated purchased protective face masks and coverings from various Pennsylvania-licensed retailers and were charged an unlawful sales tax on said purchase. Defendants represent a fraction of retailers that failed to comply with 72 P.S. § 7204(4) and 72 P.S. § 7204(18) despite information readily available to them.

17.     Charging consumers, like Mr. Ranalli and others similarly situated, sales tax on medical supplies and/or clothing and accessories –both of which are nontaxable– constitutes unfair methods of competition and unfair and deceptive practices in stark violation of the UTPCPL.

## CLASS ALLEGATIONS

18.     Mr. Ranalli brings these claims individually and on behalf of all others similarly situated pursuant to Rule 1700 of the Pennsylvania Rules of Civil Procedure.

19.     Mr. Ranalli seeks to certify the following Classes:

a.     The Zazzle, Inc. Class consists of all individuals who purchased a protective face mask or face covering from Zazzle Inc., over the internet on or about November 12, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

---

[4] https://revenue-pa.custhelp.com/app/home.

b.      The Etsy Class consists of all individuals who purchased a protective face mask or face covering from Etsy over the internet on or about November 12, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

c.      The Brave New Look Class consists of all individuals who purchased a protective face mask or face covering from Brave New Look over the internet on or about November 12, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

d.      The Outdoor Research Class consists of all individuals who purchased a protective face mask or face covering from Outdoor Research over the internet on or about November 12, 2020, arranged for delivery into Pennsylvania and who were charged an amount or fee represented to be sales tax on that purchase.

20.      Plaintiff reserve the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

21.      This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

22.      **Numerosity – Pennsylvania Rule of Civil Procedure 1702(1).**  Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable. Governor Wolf has ordered that every Pennsylvania citizen has been ordered to wear a face mask or covering while in public. Because there are almost 13,000,000 citizens

5

residing within the Commonwealth of Pennsylvania, there are likely hundreds, thousands, or more members of each aforementioned Class. The identities of each Class member are readily ascertainable from the records of sales and/or transactional receipts maintained by each Defendant.

23.     **Commonality – Pennsylvania Rule of Civil Procedure 1702(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

a.      Whether consumers were charged a tax or fee purported to be sales tax on the purchase of face masks or face coverings purchased within, or delivered to, Pennsylvania on or after March 6, 2020

b.      Whether charging a tax or fee purported to be sales tax on nontaxable items within the Commonwealth of Pennsylvania constitutes an unfair and deceptive practice in violation of the UTPCPL and/or the PFCEUA.

c.      Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

24.     **Typicality – Pennsylvania Rule of Civil Procedure 1702(3).** The Plaintiff's claims are typical of the other class members' claims because, *inter alia*, all class members were comparably injured. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

25.     **Adequacy of Representation – Pennsylvania Rule of Civil Procedure 1702(4) and 1709.** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to

vigorously pursue this action and ensure the interests of the Classes will not be harmed. Furthermore, the interests of the Class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

26.     **Predominance – Pennsylvania Rule of Civil Procedure 1708(a)(1).** Common questions of law and fact predominate over any questions affecting only individual class members. Defendants' liability and the fact of damages is common to Plaintiff and each member of the Class.

27.     **Manageability – Pennsylvania Rule of Civil Procedure 1708(a)(2).** While the precise size of the class is unknown without the disclosure of Defendants' records, the claims of Plaintiff and the Class members are substantially identical as explained above. Certifying the case as a class action will centralize these substantially identical claims in a single proceeding and adjudicating these substantially identical claims at one time is the most manageable litigation method available to Plaintiff and the Class.

28.     **Risk of Inconsistent, Varying, or Prejudicial Adjudications – Pennsylvania Rule of Civil Procedure 1708(a)(3).** If the claims of Plaintiff and the members of the Class were tried separately, Defendants may be confronted with incompatible standards of conduct and divergent court decisions. Furthermore, if the claims of Plaintiff and the members of the Class were tried individually, adjudications with respect to individual Class members and the propriety of their claims could be dispositive on the interests of other members of the class not party to those individual adjudications and substantially, if not fully, impair or impede their ability to protect their interests. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.

29.     **Litigation Already Commenced – Pennsylvania Rule of Civil Procedure 1708(a)(4).** To Plaintiff's knowledge, there are no other cases that have been brought against Defendants, or that are currently pending against Defendants, where a Pennsylvania consumer seeks to represent a class of Pennsylvania residents based on the conduct alleged in this Class Action Complaint.

30.     **The Appropriateness of the Forum - Pennsylvania Rule of Civil Procedure 1708(a)(5).** This is the most appropriate forum to concentrate the litigation because Defendant is subject to general jurisdiction in this County and a substantial number of class members were injured in this County.

31.     **The Class Members' Claims Support Certification - Pennsylvania Rule of Civil Procedure 1708(a)(6) and (7).** Given the amount recoverable by each Class member, the expenses of individual litigation are insufficient to support or justify individual suits. Furthermore, the damages that may be recovered by the Class will not be so small such that class certification is unjustified. Class treatment will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32.     **The General Applicability of Defendants' Conduct - Pennsylvania Rule of Civil Procedure 1708(b)(2)**. Defendants' uniform conduct is generally applicable to the Class as a whole, making equitable and declaratory relief appropriate with respect to each class member.

<u>**COUNT I – ZAZZLE INC.**</u>
**VIOLATIONS OF THE UTPCPL**
**73 Pa. Stat. § 201-1,** *et seq.*

33.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

34.     Mr. Ranalli and Zazzle Inc. are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

35.     The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

36.     Zazzle Inc.'s conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

37.     Trade and commerce are broadly defined as "the advertising, offering for sale, sale or distribution of any services and any property…and includes any trade or commerce directly or indirectly affecting the people of [the] Commonwealth." *Id.* See also *Dungan v. Guardian Protection Servs.*, 179 A.3d 9, 16 (Pa. 2018).

38.     "[T]he wide range of conduct the [UTPCPL] was designed to address, include[es] the equalizing [of] the bargaining power of the seller and consumer, ensuring the fairness of market transactions, and preventing deception and exploitation, all of which harmonize with the statute's broad underlying foundation of fraud prevention." *Dungan,* 179 A.3d at 16.

39.     Zazzle Inc. sells protective face masks.

40.     Zazzle Inc.'s advertised price for a protective face mask was $12.95.

41.     On or about November 12, 2020, Vince Ranalli was charged and paid $14.35.

42.     Zazzle Inc. unlawfully charged Vince Ranalli $1.40 as a sales tax.

43.     Vince Ranalli did not discover the extra $1.40 until reviewing his receipt.

44.     Zazzle Inc.'s conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

      a.  Zazzle Inc. represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

      b.  Zazzle Inc. advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

c. Zazzle Inc. engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

45. Mr. Ranalli justifiably relied upon Zazzle Inc.'s fraudulent and deceptive conduct to his financial detriment.

46. Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

47. Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

48. Zazzle Inc.'s actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

**COUNT IV – ETSY**
**VIOLATIONS OF THE UTPCPL**
**73 Pa. Stat. § 201-1, *et seq*.**

49. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

50. Mr. Ranalli and Etsy are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

51.     The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

52.     Etsy's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

53.     Trade and commerce are broadly defined as "the advertising, offering for sale, sale or distribution of any services and any property…and includes any trade or commerce directly or indirectly affecting the people of [the] Commonwealth." *Id.* See also *Dungan v. Guardian Protection Servs.*, 179 A.3d 9, 16 (Pa. 2018).

54.     "[T]he wide range of conduct the [UTPCPL] was designed to address, include[es] the equalizing [of] the bargaining power of the seller and consumer, ensuring the fairness of market transactions, and preventing deception and exploitation, all of which harmonize with the statute's broad underlying foundation of fraud prevention." *Dungan,* 179 A.3d at 16.

55.     Etsy's advertised price for a protective face mask was $11.98.

56.     On or about November 12, 2020, Vince Ranalli was charged and paid $12.82.

57.     Etsy unlawfully charged Vince Ranalli $.84 as a sales tax.

58.     Vince Ranalli did not discover the extra $.84 charge until reviewing his receipt.

59.     Etsy's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

   a.   Etsy represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

   b.   Etsy advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

c.   Etsy engaged in fraudulent or deceptive conduct which created the likelihood

of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

60.      Mr. Ranalli justifiably relied upon Etsy's fraudulent and deceptive conduct to his

financial detriment.

61.      Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily
for personal, family or household purposes and thereby suffers any
ascertainable loss of money or property, real or personal, as a result
of the use or employment by any person of a method, act or practice
declared unlawful by section 31 of this act, may bring a private
action to recover actual damages or one hundred dollars ($100.00),
whichever is greater. The court may, in its discretion, award up to
three times the actual damages sustained, but not less than one
hundred dollars ($100.00), and may provide such additional relief
as it deems necessary or proper. The court may award to the
plaintiff, in addition to other relief provided in this section, costs and
reasonable attorney fees."

62.      Recoverable damages under the UTPCPL include compensation for mental

anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit.

Such actual damages may be assessed and trebled at the discretion of the court, in additional to

such other relief as deemed just and proper.

63.      Etsy's actions were willful, wanton, oppressive, outrageous, and intentional.

Therefore, the imposition of punitive damages is appropriate in this case.

### COUNT V – BRAVE NEW LOOK
### VIOLATIONS OF THE UTPCPL
### 73 Pa. Stat. § 201-1, *et seq*.

64.      Plaintiff incorporates the allegations contained in the paragraphs above as if fully

set forth at length herein.

65.      Mr. Ranalli and Brave New Look are persons as defined by the UTPCPL. 73 P.S.

§ 201-2(2).

66.   The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

67.   Brave New Look's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

68.   Trade and commerce are broadly defined as "the advertising, offering for sale, sale or distribution of any services and any property…and includes any trade or commerce directly or indirectly affecting the people of [the] Commonwealth." *Id.* See also *Dungan v. Guardian Protection Servs.*, 179 A.3d 9, 16 (Pa. 2018).

69.   "[T]he wide range of conduct the [UTPCPL] was designed to address, include[es] the equalizing [of] the bargaining power of the seller and consumer, ensuring the fairness of market transactions, and preventing deception and exploitation, all of which harmonize with the statute's broad underlying foundation of fraud prevention." *Dungan,* 179 A.3d at 1.

70.   Brave New Look's advertised price for a protective face mask was $20.00.

71.   Vince Ranalli was charged and paid $21.50 for the mask itself.

72.   Brave New Look unlawfully charged Vince Ranalli $1.50 as a sales tax.

73.   Vince Ranalli did not discover the extra $1.50 charge until reviewing his receipt.

74.   Brave New Look's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

a.   Brave New Look represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

b.   Brave New Look advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

13

    c.   Brave New Look engaged in fraudulent or deceptive conduct which created the

likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

75.    Mr. Ranalli justifiably relied upon Brave New Look's fraudulent and deceptive

conduct to his financial detriment.

76.    Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

> "Any person who purchases or leases goods or services primarily
> for personal, family or household purposes and thereby suffers any
> ascertainable loss of money or property, real or personal, as a result
> of the use or employment by any person of a method, act or practice
> declared unlawful by section 31 of this act, may bring a private
> action to recover actual damages or one hundred dollars ($100.00),
> whichever is greater. The court may, in its discretion, award up to
> three times the actual damages sustained, but not less than one
> hundred dollars ($100.00), and may provide such additional relief
> as it deems necessary or proper. The court may award to the
> plaintiff, in addition to other relief provided in this section, costs and
> reasonable attorney fees."

77.    Recoverable damages under the UTPCPL include compensation for mental

anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit.

Such actual damages may be assessed and trebled at the discretion of the court, in additional to

such other relief as deemed just and proper.

78.    Brave New Look's actions were willful, wanton, oppressive, outrageous, and

intentional.  Therefore, the imposition of punitive damages is appropriate in this case.

## COUNT VI – OUTDOOR RESEARCH
### VIOLATIONS OF THE UTPCPL
### 73 Pa. Stat. § 201-1, *et seq*.

79.    Plaintiff incorporates the allegations contained in the paragraphs above as if fully

set forth at length herein.

80.    Mr. Ranalli and Outdoor Research are persons as defined by the UTPCPL. 73 P.S.

§ 201-2(2).

14

81.     The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

82.     Outdoor Research's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

83.     Trade and commerce are broadly defined as "the advertising, offering for sale, sale or distribution of any services and any property…and includes any trade or commerce directly or indirectly affecting the people of [the] Commonwealth." *Id.* See also *Dungan v. Guardian Protection Servs.*, 179 A.3d 9, 16 (Pa. 2018).

84.     "[T]he wide range of conduct the [UTPCPL] was designed to address, include[es] the equalizing [of] the bargaining power of the seller and consumer, ensuring the fairness of market transactions, and preventing deception and exploitation, all of which harmonize with the statute's broad underlying foundation of fraud prevention." *Dungan,* 179 A.3d at 16.

85.     Outdoor Research sells protective face masks.

86.     Outdoor Research's advertised price for a protective face mask was $20.00.

87.     On or about November 12, 2020, Vince Ranalli purchased and was charged $22.03 for a protective face mask.

88.     Vinca Ranalli did not discover the extra $2.03 charge until reviewing his receipt.

89.     The receipt identified the extra $2.03 charge as sales tax.

90.     Outdoor Research unlawfully charged Vince Ranalli $2.03 as a sales tax.

91.     Outdoor Research's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

a. Outdoor Research represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

b. Outdoor Research advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

c. Outdoor Research engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

92.     Mr. Ranalli justifiably relied upon Outdoor Research's fraudulent and deceptive conduct to his financial detriment.

93.     Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

94.     Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

95.     Outdoor Research's actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

16

## COUNT VII
### VIOLATIONS OF THE PFCEUA, 73 P.S. § 2270, *et seq*.
### VIOLATIONS OF THE UTPCPL, 73 P.S. § 201-1, *et seq*.
#### *Asserted on behalf of Plaintiff and Class, against All Defendants*

96.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

97.     Vince Ranalli is a "consumer" as defined by 73 P.S. § 2270.3 of the PFCEUA.

98.     Defendants are "creditor[s]" as defined by 73 P.S. § 2270.3 of the PFCEUA. At the point of sale, a debt was created to which Plaintiff owed and promptly paid.

99.     73 P.S. § 2270.4(5) of the PFCEUA provides:

> (5) A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (v) The threat to take any action that cannot legally be taken or that is not intended to be taken
> (x) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

73 P.S. § 2270.4(5) of the PFCEUA.

100.     Upon charging sales tax upon a nontaxable item, Defendants utilized false, deceptive, and misleading representations and means in connection with the collection of any debt as Defendants misrepresented the amount lawfully due in violation of 73 P.S. § 2270.4(5) of the PFCEUA.

101.     Upon charging sales tax upon an item deemed exempt from sales tax provisions, Defendants took an action that cannot legally be taken in violation of 73 P.S. § 2270.4(5)(v) of the PFCEUA.

102.     73 P.S. § 2270.4(6) of the PFCEUA provides:

> A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (i) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law

73 P.S. § 2270.4(6) of the PFCEUA.

103. Defendants' unlawful behavior described hereinabove constituted the collection of any amount not expressly authorized by law in violation of 73 P.S. § 2270.4(6)(i) of the PFCEUA.

104. Vince Ranalli thereby justifiably relied upon and subsequently suffered an ascertainable loss in the form of the abovementioned excessive and unlawful charge. See *Patterson v. Fid. Nat. Title. Ins.*, No. GD-03-021176 (Pa. Com. Pl. Ct. June 27, 2018) (Colville, J.); see also *Farneth v. Wal-mart Stores, Inc.*, No. GD-13-011472 (Pa. Com. Pl. Ct. Mar. 21, 2017) (Colville, J.) (holding that, were defendant overcharged plaintiff and the class taxes on their purchases, the ascertainable loss necessarily flowed from the deceitful conduct and a showing of individual reliance was not required).

105. 73 P.S. § 2270.5 of the PFCEUA provides "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law." *Id.*

106. 73 P.S. § 201-2(4)(xxi) of the UTPCPL prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id*.

107. Defendants engaged in fraudulent or deceptive conduct becoming of confusion or of misunderstanding upon exacting a tax upon a nontaxable item as described hereinabove.

108. Therefore, Defendants violated 73 P.S. § 201-2(4)(xxi) of the UTPCPL.

109.    73 P.S. § 201-9.2 of the UTPCPL provides, in relevant part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 1 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees

73 .S. § 201-9.2 of the UTPCPL.

110.    As a direct and proximate result of Defendants' violations of the PFCEUA and the UTPCPL, Vince Ranalli suffered actual damages in the form of the unlawfully charged sales tax, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## COUNT VIII – OUTDOOR RESEARCH
### Asserted on behalf of Plaintiffs and Class, against Outdoor Research
*Fraud*

111.    Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Class Action Complaint as if fully restated herein.

130.    The elements of fraud under Pennsylvania law are "(1) a material factual misrepresentation; (2) made with knowledge or belief of its falsity; (3) with the intention that the other party rely thereon; (4) resulting in justifiable reliance to that party to his detriment." *Agathos v. Starlite Motel*, 60 F.3d 143, 147 (3d. Cir. 1995).

131.    On March 11, 2021, Defendant, Outdoor Research, by and through its authorized agent, filed a Rule 12(b)(6) motion to dismiss plaintiff's complaint.

132.    Outdoor Research contemporaneously filed a brief in support to the abovementioned motion to dismiss.

133.    Within Outdoor Research's motion to dismiss, Outdoor Research's counsel admits

that Outdoor Research was aware of the March 6, 2020 emergency order declaring face masks a nontaxable item.

134.    Outdoor Research's counsel specifically states that "[p]ut simply, *all the facts that form the basis of Ranalli's claims in his Complaint* – and that are subject to Outdoor Research's Motion to Dismiss – *were known to . . . Outdoor Research* at the time he chose to pay the sales tax." *See* Outdoor Research's Brief in Support of Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint page 12 paragraph 1, attached as Exhibit "A" (emphasis added).

135.    Therefore, Outdoor Research admitted to having knowledge of the March 6, 2020 emergency order at the time Outdoor Research fraudulently induced Mr. Ranalli to make sales tax payments on a nontaxable item.

136.    Outdoor Research misrepresented the total amount owed by Mr. Ranalli when it added sales tax to the nontaxable face masks.

137.    By Outdoor Research's own admission, Outdoor Research, at the time of sale at controversy, possessed the knowledge of the March 6, 2020 emergency order declaring face masks as nontaxable items exempt from sales tax.

138.    Outdoor Research added sales tax onto the nontaxable face masks with the intention to induce Mr. Ranalli's reliance upon its misrepresentation.

139.    Mr. Ranalli detrimentially relied upon Outdoor Research's misrepresentation and paid the sales tax.

140.    As a result of Outdoor Research's fraud, Plaintiff and class members suffered actual injury and loss in amounts that are capable of identification through Defendants' records.

## COUNT XI
### Asserted on behalf of Plaintiffs and Class, against All Defendants
#### *Misappropriation/Conversion*

141.    Plaintiffs incorporate by reference each and every prior and subsequent allegation

of this Class Action Complaint as if fully restated herein.

142.    At all times relevant herein, Plaintiffs and class members had a property interest in their funds.

143.    Defendants, by their wrongful acts, interfered with Plaintiffs' and class members' property interests in their funds by unlawfully exacting a tax on a nontaxable item

144.    Defendants had no authority to charge Plaintiffs and class members tax on a nontaxable product.

145.    As a result, Defendants' collection of fees converted the funds rightfully belonging to Plaintiffs and the class members without their consent. Further, Defendants caused the Plaintiffs and class members to suffer a loss of use of their funds.

146.    The conversion the class member's money was illegal, unjustified, outrageous, and intentional, insofar as it is believed and therefore averred that at all times relevant herein Defendants have or had actual knowledge that the process it employed to charge Plaintiffs violated Pennsylvania law.

147.    Alternatively, if the conversion was not deliberate, it was the result of Defendants' recklessness and gross neglect.

148.    The conversion of Plaintiff's and class members' funds benefitted and continues to benefit Defendants, while acting to the severe pecuniary disadvantage of Plaintiffs and the class members.

149.    As a result of the conversion, Plaintiffs and class members suffered actual injury and loss in amounts that are capable of identification through Defendants' records.

## COUNT X
### Asserted on behalf of Plaintiffs and Class, against All Defendants
### *Unjust Enrichment*

150.    Plaintiff incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

151.    As a result of Defendants' unlawful and deceptive actions described above, Defendants were enriched at the expense of Plaintiff and the class members through the payment of fees in the form of a sales tax that never should have been charged for the sale of the protective masks and was charged in direct violation of Pennsylvania law.

152.    Upon information and belief, Defendants did not intend to remit the erroneously applied sales tax to Pennsylvania's Department of Revenue, as the ill-gotten tax was illegally obtained under Pennsylvania law.

153.    But for Plaintiff's complaint, upon information and belief, Defendants would have continued their unlawful conduct and would have been assessed a tax credit based on an overpayment of sales tax to the Department of Revenue, therefore profiteering off of the abovementioned conduct.

154.    Defendants received the benefit of maximizing fees and/or profits at the expense of the Plaintiff and class members in direct violation of Pennsylvania Law.

155.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill -gotten benefits they received from Plaintiff and the class members, in light of the fact that Defendants used illegal, deceptive, and/or unfair practices to force Plaintiff and class members to pay fees in the form of a sales tax in direct violation of Pennsylvania law.

156.    Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiff and the class members for the benefits received as a result of Defendants' unfair, deceptive, and/or illegal practices described herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Vince Ranalli, on his own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Etsy.com, Defendant, Brave New Look, and Defendant, Outdoor Research, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendants to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the class members as a result of Defendants' unlawful conduct;

C. Ordering declaratory relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful conduct as set forth herein;

D. Ordering Defendants to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

E. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

F. Ordering such other and further relief as may be just and proper

## JURY DEMAND

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: April 14, 2021                                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

## <u>VERIFICATION</u>

I, Joshua P. Ward, Esquire, of J.P. Ward & Associates, LLC, hereby certify that the facts set forth in the within Complaint in Civil Action are true and correct to the best of my knowledge, or information and belief, and that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: April 14, 2021                By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff