IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCE RANALLI, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, LLC; ZAZZLE INC.; ARENA MERCHANDISING BY AND THROUGH AMAZON.COM, LLC; ETSY.COM, LLC; BRAVE NEW LOOK; and OUTDOOR RESEARCH,<br><br>    Defendants. | 2:21-CV-00088-RJC<br><br>ELECTRONICALLY FILED<br><br>**JURY TRIAL DEMANDED** |

## OUTDOOR RESEARCH'S RULE 12(b)6 MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

AND NOW, comes Outdoor Research, by and through its undersigned counsel, Marshall Dennehey, and specifically Gregory P. Graham, Esq., and files this Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, averring as follows:

1. Plaintiff Vince Ranalli ("Ranalli") brings forth this class action suit following his alleged internet purchase of a protective face mask or covering from each of the Defendants. (*See Generally*, Plaintiff's Amended Complaint).

2. Ranalli alleges that the imposition and collection of sales tax was improper, as the masks and coverings were reclassified as everyday wear/clothing due to the COVID-19 pandemic by the Pennsylvania Department of Revenue and thus exempt from Pennsylvania sales tax under 72 P.S. § 7204. (Amended Complaint, ¶¶ 9-17).

3. Ranalli's theories of liability as to all Defendants are based upon an assertion that Defendants each improperly charged him, and others, sales tax as part of their purchase of face masks or face coverings. (Amended Complaint, ¶¶ 9-17).

4. Ranalli brings the following Counts against Outdoor Research: Count VI – Violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") solely against Outdoor Research as an individual Defendant; Count VII – Violations of the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA") and UTPCPL on behalf of Plaintiff and similarly situated classes against all Defendants; Count VIII – Fraud; Count XI – Misappropriation/Conversion on behalf of Plaintiff and similarly situated classes against all Defendants; and Count X – Unjust Enrichment on behalf of Plaintiff and similarly situated classes against all Defendants. (Amended Complaint at Counts VI, VII, VIII, XI, and X).

5. For the following reasons, set forth in detail in Outdoor Research's Brief in Support which is incorporated in full herein, Ranalli's claims fail and his case must be dismissed or stayed.

6. Ranalli's UTPCPL claim fails as a matter of law for three distinct, and separately dispositive, reasons.

7. First, the assessment of sales tax is not considered "trade or commerce" within the meaning of the UTPCPL.

8. Second, Ranalli has not suffered any ascertainable loss due to the alleged actions of Outdoor Research.

9. Third, Ranalli has failed to plead sufficient facts to support a claim that he acted in reliance upon any action, statement, or representation of Outdoor Research when he purchased the at-issue face mask.

10. These arguments, all individually fatal to Ranalli's UTPCPL claim, were recently adopted by the Honorable Judge Marilyn J. Horan in an Opinion and Order dismissing similar claims in *McLean v. Big Lots Inc.*, No. 2:20-cv-2000-MJH, Dkt. 80 (June 7, 2021).

11. Just like Ranalli, the *McLean* plaintiffs alleged that they purchased non-medical face masks and were wrongfully assessed sales taxes. *Id.*

12. Judge Horan dismissed the *McLean* plaintiffs' case for the same arguments raised by Outdoor Research against Ranalli's UTPCPL claim. Judge Horan's Opinion, and the extensive authority provided by Outdoor Research in its incorporated Brief in Support, provide persuasive guidance to support a dismissal with prejudice of Ranalli's UTPCPL claim.

13. Dismissal of Ranalli's case is separately warranted because all of Ranalli's claims are barred via application of the voluntary payment doctrine.

14. Further, his PFCEUA, Misappropriation/Conversion, and Unjust Enrichment claims fail as a matter of law.

15. Additionally, he has failed to plead sufficient facts to support his Fraud and Punitive Damages claims and they must therefore be dismissed.

16. Finally, even if this Court is not inclined to dismiss Ranalli's action, this matter must be stayed as the Pennsylvania Department of Revenue has primary jurisdiction over claims made under the Pennsylvania tax code.

17. Accordingly, for these reasons - set forth in detail in Outdoor Research's accompanying brief - Mr. Ranalli's case must be dismissed with prejudice or stayed pending application of the primary jurisdiction of the Department of Revenue.

WHEREFORE, Defendant Outdoor Research respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss with prejudice or stay Vince Ranalli's case. In the alternative, this case must be stayed in accordance with Outdoor Research's Proposed Order of Court.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY: _____
Gregory P. Graham
Danielle M. Vugrinovich
Michael D. Winsko
**Counsel for Defendant, Outdoor Research**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June 2021 I electronically filed the foregoing **RULE 12(b)(6) MOTION TO DISMISS, BRIEF IN SUPPORT**, and accompanying materials with the Clerk of Courts using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

BY: _____
Gregory P. Graham
Danielle M. Vugrinovich
Michael D. Winsko
**Counsel for Defendant, Outdoor Research**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June 2021 I electronically filed the foregoing **RULE 12(b)(6) MOTION TO DISMISS, BRIEF IN SUPPORT**, and accompanying materials with the Clerk of Courts using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

BY: _____
Gregory P. Graham
Danielle M. Vugrinovich
Michael D. Winsko
**Counsel for Defendant, Outdoor Research**