## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCE RANALLI, on behalf of himself and
all others similarly situated,         )
                                       )
        Plaintiff,           )
                                       )
        v.               )
                                     )     Civil Action No. 21-88
ETSY.COM, LLC, BRAVE NEW LOOK   )
and OUTDOOR RESEARCH,          )
                                       )
        Defendants.        )

## OPINION

Robert J. Colville, United States District Judge.

       Presently pending before the Court are Motions to Dismiss filed on behalf of Defendant Etsy.com, LLC ("Etsy") (ECF No. 66) and Defendant Outdoor Research (ECF No. 68). The matter has been fully briefed and is ripe for disposition. For the reasons stated herein, the motions will be granted.

## I. Backgrounds

       Plaintiff Vince Ranalli**,** individually and on behalf of all others similarly situated, brings claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1 *et seq.,* the Pennsylvania Fair Credit Extension Uniformity Act (PFCEU), 73 P.S. § 227, *et seq*, as well as common law claims of unjust enrichment, fraud, and misappropriation/conversion. Plaintiff alleges in this putative class action that defendants violated the UTPCPL when they collected from him amounts equal to and purporting to be

Pennsylvania sales tax on the sale of protective face masks,[1] when they were not subject to Pennsylvania sales tax.  Am. Compl., ¶¶ 9-17.

It is alleged that face masks or coverings became exempt from Pennsylvania sales tax as of March 6, 2020, the date of Governor Wolf's Proclamation of Disaster Emergency regarding the COVID-19 pandemic. Am. Compl., p. 3 at n. 1. Prior to the COVID pandemic, non-medical face masks "were subject to sales tax because [they] were generally classified as ornamental wear or clothing accessories and the use for which consumers purchased nonmedical masks and face coverings was not for an exempt purpose." See Sales and Use Tax Bulletin 2021-01, Pa. Dept. Rev. ("the January 2021 Bulletin") Am. Compl., p. 3 at n. 2.   Plaintiff claims that the Defendants "knew or should have known that, during the state of emergency, "medical supplies" such as face masks or covering are nontaxable" based on publicly available information on the Pennsylvania Department of Revenue's website. Am. Compl. ¶¶15-16.   Plaintiff alleges that "[c]harging consumers, like Mr. Ranalli and others similarly situated, sales tax on medical supplies and/or clothing and accessories –both of which are nontaxable– constitutes unfair methods of competition and unfair and deceptive practices in stark violation of the UTPCPL." Am. Compl. ¶¶ 17.

## II.  Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-

---

[1] Plaintiff alleges that on November 12, 2020 he purchased two non-medical face coverings from Etsy for $11.98, for which he was charged sales tax of $0.84 Am. Compl. ¶¶ 55-57.  Ranalli alleges that on or about November 12, he was charged $2.03 in sales tax and paid a total of $22.03 for the face mask from Outdoor Research. Am. Compl., ¶¶ 87-88.

pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.*  (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010).

### III.  Discussion

#### A.  Counts IV and VI:  UTPCPL

The Pennsylvania UTPCPL provides that:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money ... as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201-9.2.  To state a claim under the UTPCPL, a private individual must establish that:

(1) he is a purchaser or lessee; (2) the transaction is dealing with "goods or services"; (3) the

good or service was primarily for personal, family, or household purposes; and (4) he suffered

damages arising from the purchase or lease of goods or services.  *Keller v. Volkswagen of Am.,

Inc.*, 733 A.2d 642, 646 (Pa. Super. 1999).

The UTPCPL applies to "unfair or deceptive acts or practices *in the conduct of any trade

or commerce.*" 73 P.S. § 201-3(a) (emphasis added). Under the UTPCPL, both "trade" and

"commerce" are defined as

> the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth.

Id. § 201–2(3).

As the parties know, recently, in in *McLean v. Big Lots*, another judge in this District

rejected a similar claim that improper collection of sales tax in this context violates the UTPCPL.

*See McLean v. Big Lots Inc.*, No. 20-2000, ⸺ F.Supp.3d ⸺, ⸺, 2021 WL 2317417, at *4

(W.D. Pa. June 7, 2021) (Horan, J.). There, Judge Horan reasoned that the "collection of sales

tax" was not an act "in the conduct of any trade or commerce" because tax collection is

"divorced from private profit" and "[r]etailers ... collect sales tax on behalf of the

Commonwealth's Department of Revenue" only "because state law requires them to do so." *Id.* at ——, at *4.

In her Opinion, Judge Horan surveyed several relevant authorities. Specifically, she found persuasive the concurring opinion in *Meyer v. Cmty. Coll. of Beaver Cty.*, 625 Pa. 563, 93 A.3d 806, 815 (2014) (Castille, C.J. concurring). There, Justice Castille expressed his view that a "governmental entity ... carrying out a public duty, ... is not engaged in the conduct of a trade or commerce, but in the conduct of government." *Id.* at 816 (citation omitted). Thus, he reasoned, conduct motivated by governmental duties fell outside the bounds of the UTPCPL. *See id.*

Judge Horan, in *McLean*, also examined decisions from courts in Massachusetts and Connecticut that addressed similar claims brought under statutes "nearly identical to the UTPCPL." *McLean*, —— F.Supp.3d at ——, 2021 WL 2317417, at *4. These other cases likewise concluded that the retailers' collection of sales tax did not fall within the realm of the applicable statutes. *Feeney v. Dell, Inc.*, 454 Mass. 192, 908 N.E.2d 753, 770 (2009); *Blass v. Rite Aid of Connecticut, Inc.*, 51 Conn.Supp. 622, 16 A.3d 855, 863 (2009), *aff'd,* 127 Conn. App. 569, 16 A.3d 737 (2011).  Judge Horan held that because collecting sales tax is a public duty imposed by statute, and is not for purposes of profit or private gain, collecting sales tax is therefore not "trade or commerce" under the UTPCPL. *McLean*, 2021 WL 2317417, at *4.

In addition, Judge Horan also held that the UTPCPL claim was subject to dismissal because: 1) the conduct of defendants could not be considered fraudulent, unfair, or deceptive because they disclosed all relevant information relating to the mask purchase in an effort to comply with their understanding of the law at the time of the purchase; 2) that plaintiffs' failure to plead facts to support a claim that they justifiably relied upon some representation of defendants is fatal to their UTPCPL claim; and 3) because the *McLean* plaintiffs have not

suffered an ascertainable loss as they failed to avail themselves of an available refund offered by the Department of Revenue. *Id*., at *5-6.

Judge Horan further applied the same analysis in granting the motion to dismiss the UTPCPL claim in *James v. Aldi, Inc*., No. 2:21-CV-00209-MJH, 2021 WL 2896837, at *2 (W.D. Pa. July 9, 2021), wherein it was likewise alleged that retailers cannot collect sales tax on protective face masks or coverings because they are nontaxable as "medical supplies" and/or "clothing or accessories" holding:

> This Court incorporates its analysis in *McLean* and will likewise hold: 1.) the collecting of sales tax would appear to not fit the definition of "trade or commerce" under the UTPCPL. Thus, without conduct that falls within trade or commerce, Mr. James's Second Amended Complaint cannot support a claim under the UTPCPL; 2.) Even if the Court held that the UTPCPL applied, Defendants did not engage in fraudulent, unfair, or deceptive conduct; 3.) Mr. James cannot demonstrate justifiable reliance, an essential causation element under the UTPCPL; and 4.) Because Mr. James did not sustain an ascertainable loss, he cannot state a claim under the UTPCPL.

Here, Plaintiff Ranalli alleges that Outdoor Research and Etsy violated three subsections of the UTPCPL: 201- (4)(v)[2], (ix)[3], and (xxi).[4] (Am. Compl.  ¶¶ 54, 59, 91). Subsections (v) and (ix) "apply only to claims of false advertising" and require the plaintiff to show that "(1) a defendant's representation is false; (2) it actually deceives or has a tendency to deceive; and (3) the representation is likely to make a difference in the purchasing decision." *Seldon v. Home Loan Servs*., 647 F. Supp. 2d 451, 466 (E.D. Pa. 2009). We note that Plaintiff does not allege that either defendant misrepresented the characteristics of the face masks he purchased, only that they

---

[2]  Section 201–2(4)(v) forbids "[r]epresenting that goods or services have ... characteristics, ... benefits or quantities that they do not have."

[3]  To state a claim under § 201-2(4)(ix) of the UTPCPL, "a plaintiff must allege: (1) a defendant's representation is false; (2) it actually deceives or has a tendency to deceive; and (3) the representation is likely to make a difference in the purchasing decision.*"  Corsale v. Sperian Energy Corp*., 412 F. Supp. 3d 556, 562 (W.D. Pa. 2019)

[4]  The UTPCPL's list of "unfair or deceptive acts or practices" finishes with a catch-all provision, which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

were not taxable, which is not a characteristic of the product in and of itself.  Plaintiff does not

set forth any factual allegations as to representations made by Defendants or what his

understanding of such representation was at the time of his purchase.   Nor is there an allegation

that either defendant intentionally engaged in false advertising, or the proverbial "bait and

switch."  We see no factual allegations in support of the claim that the defendants acted unfairly

or deceptively such that those actions would tend to deceive.[5]  *Kerr v. State Farm Mut. Auto. Ins.

Co.*, 2018 WL 5809989, at *5 (W.D. Pa. Nov. 6, 2018).  In addition, Plaintiff has not alleged an

ascertainable loss of money or property in that he is entitled to a refund from the Department of

Revenue.

Thus, upon careful review of the Amended Complaint, and after consideration of the

relevant case law, we find that Plaintiff has not alleged facts sufficient to plausibly state a claim

as to any of these subsections.   Consistent with *McLean*, as well as *James*, we find that the

UTPCPL does not apply to Plaintiff's claims as the assessment of sales tax does not fall within

the meaning of "trade or commerce."   The "collection of sales tax by retailers, acting as agents

of a state government, is an activity 'divorced from private profit' that does not occur 'in the

conduct of any trade or commerce.'"  *Lisowski v. Walmart Stores, Inc.*, -- F.Supp.3d --, 2021 WL

3406659 (W.D. Pa. Aug. 4, 2021) (Ranjan, J.) (granting motion to dismiss UTPCPL for failure to

state a claim as a matter of law, finding Judge Horan's reasoning in *McLean* and *James*

persuasive).

Accordingly, Counts IV and VI will be dismissed for failure to state a claim.

**B.  Count VII:  PFCEUA (and UTPCPL) on behalf of class (v. All Defendants)**

Count VII alleges violations of the Pennsylvania Fair Credit Extension Uniformity Act

---

[5] Plaintiff has alleged he did not realize he was charged a sales tax after the purchase, but not that he was not shown tax information prior to making his purchase.

(PFCEU), 73 P.S. § 227, *et seq.* The PFCEUA prohibits "unfair methods of competition and

unfair or deceptive acts or practices with regard to the collection of debts." 73 P.S. § 2270.2.

Even if Defendants could be considered as in the business of collecting "debts," this claim

cannot survive here:

> Because the PFCEUA is "enforced through the remedial provision of the
> UTPCPL," a plaintiff "cannot state a claim for relief under the [PFCEUA] if he
> cannot state a claim for relief under the UTPCPL." *Kaymark v. Bank of America,
> N.A.,* 783 F.3d 168, 182 (3d Cir. 2015). "In other words, if a plaintiff's UTPCPL
> claim fails, his [PFCEUA] claim fails as well." *Broadhurst v. CitiMortgage, Inc.,*
> 838 Fed. Appx. 671, 675 (3d Cir. 2020).

James, 2021 WL 2896837, at *2.

Because Plaintiff's UTPCPL claim is dismissed, his PFCEUA claim will likewise

be dismissed.

### C.  Count VIII:  Fraud (v. Outdoor Research)

Outdoor Research moves to dismiss Count VIII, which alleges fraud.  It argues that

Plaintiff has failed to state a claim. "Generally, as a matter of common law, the elements to prove

a claim for fraud or deceit are a misrepresentation, a fraudulent utterance thereof, an intention to

induce action thereby, justifiable reliance thereon, and damage as a proximate result." *Gnagey

Gas & Oil Co., Inc. v. Pa. Underground Storage Tank Indemnification Fund*, 82 A.3d 485, 500

(Pa. Commw. Ct. 2013) (citing *Wilson v. Donegal Mutual Insurance Co*., 598 A.2d 1310, 1315

(Pa. Super. 1991)).  A claim for fraud implicates Federal Rule of Civil Procedure 9(b).3 "Rule

9(b) imposes a heightened pleading standard on fraud-based claims, and provides that '[i]n

alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake." *Transp. Ins. Co. v. Am. Harvest Baking Co*., No. 15-CV-663, 2015 U.S. Dist.

LEXIS 168018, *19 (D.N.J. Dec. 16, 2015) (citing Fed. R. Civ. P. 9(b)).

Here, as noted *supra*, Plaintiff has filed to allege facts which can be said to plausibly

8

support of his claim of fraud. He has merely alleged he was charged a sales tax and paid the sales tax. His allegations, otherwise, are nothing but legal conclusions.

Accordingly, the motion to dismiss will be granted with respect to Count VIII.

### D.  Count XI:  Misappropriation/Conversion (v. All Defendants)

Defendants move to dismiss Count XI, which alleges misappropriation and/or conversion under Pennsylvania state law. Conversion is defined under Pennsylvania law as "the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F.Supp.2d 513, 529 (E.D. Pa.2012) (quoting *Francis J. Bernhardt, III, P.C. v. Needleman*, 705 A.2d 875, 879 (Pa.Super.Ct.1997)); *see also Stevenson v. Econ. Bank of Ambridge*, 413 Pa. 442, 197 A.2d 721, 726 (1964). We note that "[n]ot every destruction or deprivation of property amounts to a conversion; there must be an actual appropriation of it by the offending party for his own use." *Win & Son, Inc. v. City of Philadelphia*, 178 F. Supp. 3d 234, 242 (E.D. Pa. 2016) (quoting *Chrysler Credit Corp. v. Smith*, 434 Pa. Super. 429, 643 A.2d 1098, 1100 (1994).

Plaintiff's claim for conversion failed because, not only did he voluntarily part with his money, but once he paid the sales tax, regardless of whether the tax was imposed correctly, it became the property of the Commonwealth. *Stoloff v. The Neiman Marcus Grp., Inc*., 24 A.3d 366, 373 (Pa. Super. 2011).  As Judge Horan explained, in dismissing the conversion claim in *James,* "the Pennsylvania tax collection scheme designates Defendants to collect the tax as an agent of the Department of Revenue, and it remains highly implausible that Defendants would have kept $0.45 and $0.36 per face mask for their own use when they were required to remit that money to the state." *James*, – F.Supp.3d --, --, 2021 WL 2896837, at *4.  Here, there are no facts to plausibly support a claim that the tax was actually appropriated for the Defendants' own use,

especially as they are legally required to hold said funds in trust for the Commonwealth.

Accordingly, for these reasons, Plaintiff has failed to state a claim of conversion under Pennsylvania law, and Count XI will be dismissed.

### E. Count X: Unjust Enrichment (v. All Defendants)

Defendants have moved to dismiss Count X, alleging unjust enrichment.  Under Pennsylvania law, to establish a claim of unjust enrichment a plaintiff must allege facts demonstrating that: (1) a benefit was conferred on the defendant by plaintiff; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. *Torchia v. Torchia*, 499 A.2d 581, 582 (Pa. Super. Ct. 1985) ("[t]o sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." Ultimately, the key principle of any unjust enrichment inquiry is "whether the defendant has been unjustly enriched; the intent of the parties is irrelevant." *Limbach v. City of Phila.*, 905 A.2d 567, 577 (Pa. Commw. Ct. 2006).

It is clear that collection of the sales taxes was not for profit or revenue but rather for basic compliance with the law.  *James*, – F.Supp.3d --, --, 2021 WL 2896837, at * 3 (dismissing the unjust enrichment claim); McLean, – F.Supp.3d --, --, 2021 WL 2317417, at *4, n. 2.

Accordingly, the motion to dismiss will be granted with respect to Count XI, unjust enrichment.

## IV. Conclusion

For the reasons stated herein, the Motion to Dismiss filed on behalf of defendant Etsy and

Outdoor Research will be granted in full.[6]    Any amendment is deemed futile and the Amended

Complaint will be dismissed.

An appropriate order will be entered.

Dated:  November 5, 2021

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

CC/ECF:        Counsel of record

---

[6] The motion to dismiss the claim for punitive damages is denied as moot.